## GEORGE GRANT v. W. E. DABNEY.

1. CONTRACT, *For the Payment of Money Only.* A contract in these words: "Please let Mr. S. and family have whatever they may want for their support, and I will repay you for the same," is not "a contract for the payment of money only," within the meaning of section 555 of the civil code.

2. ———— *Enforcing Judgment, Pending Appeal.* Where a judgment was rendered in favor of D. and against G. on such a contract as that above described, and G. then took the case to the supreme court on petition in error, giving an undertaking as prescribed by sections 551 and 554 of the civil code, D. would have no authority to give the undertaking prescribed by said section 555, and obtain leave to enforce said judgment.

*Error from Ellis District Court.*

THIS case grows out of the judgment and proceedings mentioned in the case of between the same parties, *ante,* p. 388. The judgment in favor of *Dabney* was rendered on the 22d of April 1876. *Grant* brought the case on error to this court, and filed the necessary undertaking to stay proceedings, on the 6th of May following. On the 11th of July 1876, the district judge, on motion of *Dabney,* made an order as follows:

"It appearing to me that this is an action arising on contract for the payment of money only, and it appearing also that said plaintiff (*Dabney*) has filed an undertaking with the clerk of said court, with two sufficient sureties approved by him, conditioned as required by law, now therefore it is by me ordered, that the said plaintiff can enforce and hereby does have leave to enforce the said judgment in all respects as if no error proceedings were pending."

From this order *Grant* appeals, and brings the case here on error.

*McClure & Humphrey,* for plaintiff in error.

*Gilkerson & Lane,* and *J. W. Day,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: After the foregoing case of *Grant v. Dabney,* just decided, (*ante,* p. 388,) was brought to this court, and after an undertaking on the part of the plaintiff in error was duly executed and approved as prescribed by sections 551 and 554 of the civil code, (Gen. Stat. 737, 738,) for the purpose of staying the execution of the judgment therein rendered, the following proceedings were had, to-wit: Dabney, who in that case was plaintiff in the court below and defendant in error in this court, duly executed an undertaking in accordance with section 555 of the civil code, (Gen. Stat. 739,) for the purpose of obtaining leave to enforce said judgment notwithstanding said proceedings in error, and notwithstanding said first-mentioned undertaking; and upon his said

undertaking, and upon due application to the judge of the court below, at chambers, he obtained said leave to so enforce said judgment. Grant, who in that case was defendant in the court below and plaintiff in error in this court, brought the case a second time to this court upon a second petition in error, and in this second case assigned for error the foregoing action of the judge of the court below in granting said leave to enforce said judgment. This second case is the one that we are now considering. The plaintiff in error in this case claims that said judge had no authority to grant said leave, but on the other hand the defendant in error (Dabney) claims that the judge had such authority, and cites said section 555 of the civil code as giving such authority. This is the only statute or law under which it is claimed that the judge had any such authority. That portion of said section 555 which it is claimed gives to the judge such authority, reads as follows :

"In an action arising on contract for the payment of money only, notwithstanding the execution of the undertaking in the last section mentioned, to stay proceedings, if the defendant in error gives adequate security to make restitution in case the judgment is reversed or modified, he may, upon leave obtained from the court below, or a judge thereof in vacation, proceed to enforce the judgment."

Now it will be seen that this section authorizes leave to be granted to enforce judgments notwithstanding proceedings in error, only in cases where the action is founded upon "contract for the payment of money only." Now is the *contract* in this case a "contract for the payment of money only?" We think not. The only contract in this case reads as follows :

"MR. DABNEY—*Dear Sir:* Please let Mr. Seth and family have whatever they may want for their support, and I will repay you for the same.        GEORGE GRANT."

The first thing to be done under this contract is for Mr. Dabney to "*let* Mr. Seth and family have" something. This something must be a thing or things which Seth and family "may want," and it must be something "for their support."

Now this is not "the payment of money" at all. Then how can it be said that the contract is a "contract for the payment of money only?" The next thing to be done under the contract we will suppose is to pay money. That is, we will suppose that when Dabney "let Mr. Seth and family have" something, then, that Grant was not to "repay" in kind, but that he was to "repay" (or rather *pay*) in money. It will therefore be seen that while money might be paid under said contract, yet that it was not the *only* or even the principal thing to be done. The letting Seth and family have what they wanted for their support, was the principal thing to be done under the contract; and the payment of money therefor came in only incidentally and secondarily. The payment of money depended upon at least three contingencies—three conditions precedent—first, whether Seth and family should *want* anything; second, whether Dabney should *let* them have it; and third, whether it was for their *support* or not. Such a contract might more properly be designated a contract to procure articles for the support of Seth and family, than a "contract for the payment of money only." A promissory note is a contract for the payment of money only. So also would any other contract be a contract for the payment of money only, if nothing was to be done under it by either party except to pay money. But where something else is also to be done under the contract, the contract can hardly be called a contract for the payment of money only. And this is especially true where the payment of the money depends upon whether this something is done or not.

The order of the judge of the court below granting leave to enforce said judgment will be reversed.

All the Justices concurring.