WATER POWER COMPANY V. J. B. BROWN, *et al.*

23 695
52 201

23 695
54 502
54 503

1. SEC. 555, CH. 80, GEN. STAT., *Construed.* An action brought by one who is a surety on a promissory note, to recover of the principal thereon moneys which he has been compelled to pay to the holder, is one "arising on contract for the payment of money only," within ₰555 of the code of civil procedure.

2. ———— *Discretion of Court.* The district court having a discretion as to granting the order provided for in said section, this court will not reverse its ruling, unless it appears that such discretion has been abused.

*Error from Reno District Court.*

AT the April Term, 1879, of the district court, *J. B. Brown* and *L. A. Bigger,* partners as Brown & Bigger, and *E. Wilcox,* as plaintiffs, recovered a judgment against the *Water Power Company,* as defendant, for money paid by them as sureties for the said defendant, and obtained an order for the sale of certain property attached on behalf of the plaintiffs. The defendant duly gave an undertaking to stay execution on the judgment and the order of sale, and brought the case here on error. The plaintiffs, however, applied to the judge of the district court at Dodge City, July 3, 1879, for leave to enforce the judgment in accordance with § 555 of the civil code, which leave the judge then and there granted. From this order granting leave as aforesaid, this proceeding in error has been brought by the defendant.

*Whiteside & Campbell,* and *L. Houk,* for plaintiff in error.

*A. R. Scheble, W. H. Lewis,* and *W. R. Brown,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: After the judgment had been rendered in the district court in the case pending between the parties hereto, which has just been considered, and decided by this court, and after the defendant had brought the case to this court for review, and given bond to stay proceedings, plain-

tiffs applied, under § 555 of the code of civil procedure, for leave to enforce the judgment. Leave was given, and from the order granting leave this proceeding in error has been brought.

. Two questions arise: Was the action one "arising on contract for the payment of money only" within the scope of said § 555?—and if so, did the court abuse its discretion in granting such leave?

The action was one brought by the sureties on a promissory note against the principal thereon, to recover moneys which they had been compelled to pay to the holder. The only contract evidenced by the note was one to pay money. No other obligation was assumed by any party thereto. The objections raised are, that the obligation of the principal to the surety, the contract between them, is an implied and conditional one. On the face of the paper there is no express promise of the principal to pay the surety anything, and the implied promise is not to pay absolutely, but only upon condition that the surety first pays. But we do not think these matters take the case out of the statute. The statute does not name a written, an express, or an unconditional contract. It simply says that it must be a contract, and one for the payment of money only. This action was on a contract, and the only thing contracted for was the payment of money. If the legislature had intended any further restriction, it would have used language as in § 123 of the code, where it names "other instrument for the unconditional payment of money only." Using such additionally restrictive words in the one section and omitting them in this, plainly shows that the legislature meant to include any contract, providing the only thing contracted for was the payment of money. In all such cases a discretion was given to the court or judge to permit the enforcement of the judgment, the proceedings in error notwithstanding. (*Grant v. Dabney,* 19 Kas. 390.)

Did the court abuse its discretion? We think not. It may be conceded that such orders are not to be favored. Where a defendant in good faith takes a case up on error,

and gives adequate security, the proceedings in the district court should stop until this court has had an opportunity to examine the case.  Especially is that true so long as this court is able, as it is at present, to keep steadily up with its business.    Little delay will be caused if litigants are prompt and ready when their cases are set for hearing in this court. Still, wherever it is apparent to the district court, and it may appear from many things in the trial of a cause which do not go upon the record, that the defendant is seeking simply delay, or annoyance of the plaintiff, or without substantial defense on the merits has been raising constant objections in the mere hope of catching a hook on some erroneous ruling, it may properly permit the enforcement of the judgment. If a defendant owing a just debt is seeking the law's delays or technicalities, let him pay the debt and afterward carry on his litigation.    In such a case it is as fair for him to look to the security, which the plaintiff must furnish for repayment, as for the plaintiff to be postponed in the use of his money, and look to the security that the defendant has given.

Now in the case before us, while it seems to us that it would have been wiser and better to have overruled the application, we cannot say that it is apparent that the court abused its discretion, and hence we cannot reverse its ruling.

The order will be affirmed.

All the Justices concurring.