BENTLEY, HATFIELD & BENTLEY v. MARY F. BROWN.

ACTION *for Payment of Money Only.* An action was brought by B. to recover from her attorneys moneys which had been paid to them for her. It was admitted that they were in the receipt and custody of the moneys, but they set up claims for legal services rendered in behalf of B., alleged to be unpaid. B. recovered in the action, although the amount of her recovery was somewhat reduced by an allowance upon the unpaid claims of her attorneys. *Held,* That B.'s cause of action was one for the payment of money only within the meaning of § 555 of the civil code; and the fact that the amount of the recovery was somewhat reduced by an allowance upon a counterclaim, which involved more than a contract for money only, will not debar B. from the privilege afforded by the section referred to.

*Error from Sedgwick District Court.*

THE opinion contains a sufficient statement of the case.

*Bentley, Hatfield & Bentley,* plaintiffs in error, for themselves.
*Adams & Adams,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding has been brought to reverse an order made to enforce the judgment rendered in the action between the parties hereto, and which judgment we have just affirmed. (*Bentley v. Brown,* just decided.) The only question presented is, whether the action of Mary F. Brown upon which the judgment was rendered is one "arising on contract for the payment of money only," within the meaning of § 555 of the civil code. That section reads:

"In an action arising on contract for the payment of money only, notwithstanding the execution of the undertaking in the last section mentioned to stay proceedings, if the defendant in error give adequate security to make restitution in case the judgment is reversed or modified, he may, upon leave obtained from the court below, or a judge thereof in vacation, proceed to enforce the judgment. Such security must be an undertaking executed to the plaintiff in error, by at least two suffi-

cient sureties, to the effect that if the judgment be reversed or modified he will make full restitution to the plaintiff in error of the money by him received under the judgment."

We think the action in question belongs to the class mentioned in the foregoing section. It was brought by the plaintiff therein to recover money that had been paid to the defendants for her, and which it was admitted by all belonged to her. The fact that the money came rightly into their hands as her attorneys does not affect the determination of this action, as there was an implied obligation or contract that they would pay the money to her upon demand. No distinction is made in this statute between express and implied contracts, and the terms employed are such as to fairly include implied contracts, providing they are for the payment of money only. (*Water Power Co. v. Brown*, 23 Kas. 695.) It is true that their counterclaim involved more than the contract for the recovery of money, but the action of Mary F. Brown rested wholly on a contract for money only, and upon that contract she recovered. The judgment sought to be reversed was a recovery upon her cause of action, and not upon their counterclaim. The mere fact that the amount of her recovery was somewhat reduced by an allowance upon their claims for legal services does not change the nature of the cause of action upon which the judgment was rendered, nor does it debar her from the privilege afforded by the section quoted. We cannot say that there was any abuse of discretion in granting the order, and therefore it must be affirmed.

All the Justices concurring.