THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. W. R. KIRKPATRICK.

CONTRACT—*Judgment—Enforcement Pending Appeal.* Where a petition in error is filed in this court, and an undertaking is given to stay execution of a judgment of the district court in favor of an attorney, on an implied contract to pay for services rendered defendant as its attorney, it is within the power of the trial court to permit the enforcement of such judgment in the manner provided by § 555 of the code. Implied as well as express contracts for the payment of money only are within the provisions of said section.

*Error from Harper District Court.*

ACTION by *W. R. Kirkpatrick* against the *St. Louis & San Francisco Railway Company.* At the January term, 1890, plaintiff had judgment, and from an order granting him leave to enforce the same, notwithstanding the filing of a bond to stay execution, defendant brings error.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

The opinion of the court was delivered by

ALLEN, J.: This case grows out of the case between the same parties decided at the last session of this court. (*Ante,* p 104.) After judgment had been rendered in the district court in favor of Kirkpatrick, the railway company filed a petition in error in this court, and a supersedeas bond to stay execution. Plaintiff filed a counter bond, and applied to the court, under § 555 of the code, for leave to enforce the judgment. The court granted the application. The only question presented in this case is upon this ruling.

It is contended here, as it was in the principal case, that the judgment was for unliquidated damages, for failure to furnish a pass. We have already ruled adversely to the plaintiff in error on that contention, and held that plaintiff's recovery was for services rendered under an employment from the railway company. In *Water Power Co. v. Brown,*

23 Kas. 695, it was held that the contract need not be express, and that the trial court had a discretion as to granting the order. The case of *Bentley v. Brown*, 37 Kas. 17, is to the same effect. It was there held that the collection of a judgment against attorneys who had collected money which they refused to pay over to their client might be allowed under this provision of the code, notwithstanding the fact that the amount of plaintiff's recovery had been reduced by an allowance upon their counterclaim for legal services. This was an action on an implied promise to pay the plaintiff for his services as an attorney, rendered at defendant's request, and it was within the discretion of the trial court to grant the order complained of.

Judgment affirmed.

All the Justices concurring.