THE AMERICAN CENTRAL INSURANCE COMPANY v. J. H. COX.

ACTION FOR MONEY ONLY — *Enforcement of Judgment* — *Stay Bond.* The cases of *Water Power Co. v. Brown,* 23 Kas. 696, *Bentley v. Brown,* 37 id. 17, and *Railway Co. v. Kirkpatrick,* 52 id. 201, followed. The case of *Grant v. Dabney,* 19 Kas. 391, distinguished.

*Error from Elk District Court.*

THE petition in this case was filed in this court on July 20, 1893. Therein the plaintiff in error, among other things, says:

"Upon May 3, 1893, in the district court of Elk county, Kansas, J. H. Cox recovered a judgment against this plaintiff in error in the sum of $623, and costs. The title of the case and all of the facts and proceedings connected therewith are shown by 'Exhibit A,' hereto attached, and made a part hereof. There is error in the said proceedings, to wit: (1) In the overruling of the demurrer to the evidence of the plaintiff below; (2) in the rendering of judgment for plaintiff below; (3) in the ruling that the defendant below was bound to take notice of the record of the Cox mortgage; (4) in the ruling that Cox was not obliged to communicate knowledge of the mortgage; (5) in the overruling of the motion for a new trial. Wherefore plaintiff in error asks that said judgment be reversed."

On April 30, 1894, there was filed herein, on behalf of

plaintiff in error, a motion for an order upon J. H. Cox, defendant in error, that he withdraw the execution issued upon his said judgment, and that a mandate be issued to the court below directing it to revoke the leave given to the said Cox to proceed to enforce his said judgment.

On Saturday, the 7th day of July, 1894, *E. F. Ware*, appearing for plaintiff in error, and *L. Scott*, for defendant in error, before the supreme court of the state of Kansas, in session at the supreme court room, in the city of Topeka, the following proceeding was had, and remains of record at page 309 of Journal "V" of said court:

"THE AMERICAN CENTRAL INSURANCE COMPANY,
      *v.*                         *Plaintiff in Error,*
J. H. Cox, *Defendant in Error.*

"Now comes on for decision the motion of plaintiff in error to stay the enforcement of the execution issued out of the court below in this cause; and thereupon it is ordered, that the said motion be overruled, upon the authority of § 555 of the civil code. (*Water Power Co. v. Brown*, 23 Kas. 696; *Bentley v. Brown*, 37 id. 17; *Railway Co. v. Kirkpatrick*, 52 id. 201.) In the case of *Grant v. Dabney*, 19 Kas. 391, cited in support of said motion, the contract was not for the payment of money at all."

NOTE.—"This action was on a contract, and the only thing contracted for was the payment of money. If the legislature had intended any further restriction, it would have used language as in § 123 of the code, where it names 'other instrument for the unconditional payment of money only.' Using such additionally restrictive words in the one section, and omitting them in this, plainly shows that the legislature meant to include any contract, providing the only thing contracted for was the payment of money. In all such cases a discretion was given to the court or judge to permit the enforcement of the judgment, the proceedings in error notwithstanding. Did the court abuse its discretion? We think not. It may be conceded that such orders are not to be favored. Where a defendant in good faith takes a case up on error, and gives adequate security, the proceedings in the district court should stop until this court has had an opportunity to examine the case." (*Water Power Co. v. Brown*, 23 Kas. 695.)