RICHARD H. GILL v. HARRY BUCKINGHAM.

**No. 291.**

LANDLORD'S LIEN— *Character of Action to Enforce.*  A.suit by a landlord against a purchaser of the crop, under the provisions of section 26 of the landlords' and tenants' act (Gen. Stat. 1897, ch. 121, § 28), is not an action arising on contract for the payment of money only, under the provisions of section 555 of the civil code (Gen. Stat. 1889, ¶ 4656; Gen. Stat. 1897, ch. 95, § 596).

Error from Cloud district court; F. W. STURGES, judge.  Opinion filed March 5, 1898.  Reversed.

*C. W. Van De Mark,* for plaintiff in error.

*Theodore Laing,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : Is a suit by a landlord against a purchaser of the crop, under the provisions of section 26 of the landlords' and tenants' act (Gen. Stat. 1889, ¶ 3635; Gen. Stat. 1897, ch. 95, § 596 ), an action arising on contract for the payment of money only, so as to come within the provisions of section 555 of the civil code?  That is the only question in this case. The court below held that it is, and the plaintiff in error asks us to say that it is not.

We are referred by the plaintiff in error to *Grant v. Dabney,* 19 Kan. 390.  In that case it was held that the writing sued on was not a contract for the payment of money only, within the meaning of section 555 of the civil code.  In the case just preceding the one referred to, the supreme court had held that said writing was not such a contract as would authorize a recovery by the plaintiff therein ; and in the cited case, VALENTINE, J., in rendering the opinion of the court, argued that because said writing provided for something to be done besides the payment of money, there-

fore it was not a contract for the payment of money only, and used this language :

"A promissory note is a contract for the payment of money only. So also would any other contract be a contract for the payment of money only if nothing was to be done under it by either party except to pay money. But where something else is also to be done under the contract, the contract can hardly be called a contract for the payment of money only. And this is especially true where the payment of the money depends upon whether this something is done or not."

Applying this argument to the case before us, we would say that if this was an action upon the contract of lease, as it seems to have been from the fact that the plaintiff sued for the amount due under the lease and the defendant plead payment under the terms of the lease, and the amount claimed was reduced by improvements made thereunder, then said contract, covering other matters than the payment of money, was not a contract for the payment of money only.

It is contended by the defendant in error that the taking of the corn by Gill raised an implied contract on the part of Gill to pay the landlord the value thereof to the amount of the rent due, and that implied as well as express contracts come within the statute, citing *Bently v. Brown*, 37 Kan. 17; *Water Power Co. v. Brown*, 23 id. 695; *St. L. & S. F. Rly. Co. v. Kirkpatrick*, 52 id. 20.

We do not think there is any room for an implied contract in this case. It was brought under the terms of the lease and the provisions of section 26 of the landlords' and tenants' act, and whether it be considered as an action founded upon the lease or the statutory liability, or both together, it is not an action founded upon contract for the payment of money only.

The order of the judge of the court below granting leave to enforce said judgment will be reversed.