(August 13, 1910.)

In the Matter of the Application of FRED BOSSNER, for a
Writ of Habeas Corpus.

[110 Pac. 502.]

SUNDAY REST LAW—PUBLIC AMUSEMENTS—MOVING PICTURE SHOW—
STATUTORY CONSTRUCTION.

(Syllabus by the reporter.)

1. A moving picture show or exhibition comes within the inhibition of sec. 6825, Rev. Codes, which forbids the opening or conducting upon Sunday of "any theater, playhouse. . . . circus or show. . . . or any such place of public amusement."

2. Words used in a statute without any technical meaning or application should be given their ordinary significance as they are popularly understood, and the language used by the legislature must be construed in the light of the common acceptation of the terms employed.

Original action in this court for a writ of *habeas corpus.* The petitioner was convicted of the crime of keeping open a place of public amusement on Sunday, such amusement consisting in opening and conducting what is alleged to be a theater known as "The Boz" in Boise, and therein producing a moving picture exhibition to which he admitted the public on payment of an admission fee. The prosecution was had under sec. 6825 of the Rev. Codes.

C. M. Kahn, J. F. Nugent, and A. H. Brickenstein, for Petitioner, file no brief.

D. C. McDougall, Attorney General, J. H. Peterson, O. M. Van Duyn, Assistants, and H. S. Kessler, for Defendant.

If the language of the statute enumerating the prohibited amusements does not include a moving picture show, or any other kind of a public show or theater, it means absolutely nothing at all.

Webster defines theater as being: "1. An edifice in which dramatic performances or spectacles are exhibited for the amusement of spectators. 2. Any room adapted to the exhibition of any performances before an assembly, as public lectures, scholastic exhibitions, anatomical demonstrations, surgical operations before a class," etc.

"Laws are enacted to be read and obeyed by the people, and in order to reach a reasonable and sensible construction thereof, words that are in common use among the people shall be given the same meaning in the statute as they have among the great mass of people who are expected to read, obey and uphold them." (*Adams v. Lansdon, ante,* p. 483, 110 Pac. 280.)

The opinion of the court was delivered orally from the bench by

AILSHIE, J.—It is contended by the state that a moving picture show or exhibition is popularly designated and called a theater, and that it comes within the prohibition of the statute which forbids the opening or conducting of any theater, playhouse, or show, etc., on Sunday.

As was said by this court in *Re Hull, ante,* p. 475, 110 Pac. 256: "It is difficult to tell the exact theory on which the lawmakers drafted this section of our statute. The amusements enumerated and prohibited are not similar or kindred amusements. There is apparently nothing common to all of them, except that they are all *public amusements.*" We can only judge the spirit and intent of the statute from the language employed and the class of amusements prohibited. The prohibition in some cases seems to have been based on the theory of advancing the public health, in others the public morals, and still others to promote public peace and quiet on Sunday, while other amusements are forbidden apparently for the sake of affording rest to the employees. The purpose to provide rest for employees is more completely covered and evidently more directly aimed at by the provisions of the preceding section. (Sec. 6824.)

The petitioner contends that a moving picture exhibition is not a theater, playhouse or show, and that it is not "any such place of public amusement." It may be conceded for the purposes of this case that a moving picture exhibition or show is not a theater within the technical meaning of that word as given by the standard authorities. It is equally clear, we think, that such an exhibition or show is classed and considered as a theater within the common and popular acceptation of that word. Such a place is commonly referred to as a theater or moving picture show. It is a well-established rule of law that when words have not a technical meaning or application, or when they have not been so used or employed in the statute, they should then be given their ordinary significance as they are popularly understood. We must construe the language here used by the legislature in the light of the popular and' common acceptation of the terms there employed. Construed in that light, we have no doubt.

but that the legislature intended to include the moving picture exhibition, whether it be called a theater, show or playhouse, or just "Boz." If it is not a theater or show within the specific enumeration of the statute, then it is so much alike and similar to the theater or show that we would not undertake or assume to make a distinction or point out a difference. For instance, a theater implies a dramatic production where the characters appear on the stage before the audience. The moving picture exhibition produces a picture of the same thing before the audience. In the moving picture exhibition of this performance all the movements and actions are to be seen the same as when the characters are on the platform, but nothing can be heard; that is left to the imagination. One is the real thing; the other is a picture of it. There is considerable similarity, therefore, between the two.

The legislature in adding to the statute (sec. 6825, Rev. Codes) the general words, "or any such place of public amusement," evidently intended to prevent the keeping open of any one of the enumerated amusements, either under the name there designated or any other name that they might be given. They must have also intended to prevent their operation under changes or modifications of any of the enumerated amusements. Further, they might have had in mind the fact that there is constant development and improvement in all amusements, and that as this process of evolution goes on, the statute should still cover an amusement similar to one specifically enumerated, even though such amusement might be improved upon but still fill the same purpose and want that was supplied by the originally designated amusement. When the legislature passed this act moving picture shows were commonly called "theaters" or "dime theaters," and indeed, we are of opinion that that appellation is quite common yet. We are very strongly of the opinion that the legislature thought when they used the word "theater" or "playhouse" that there would be no question but that the moving picture theater or show would be included and covered by those terms.

It has been argued that the word "or" as used between the word "circus" and the word "show" indicates a clear

purpose to use the word "show" as synonymous only with "circus." Under most constructions I think that would be correct, but in view of the fact that this statute is written with the word "or" understood and omitted after every word, and not "and," it seems to us that the fact that the word "or" is used between "circus" and "show" does not justify the construction claimed by counsel, for the petitioner. If the word "and" had been used or was understood, I think there might be some reason for that construction; but the fact that "or" is omitted between all these other enumerated amusements indicates to my mind that it has the same significance between "circus" and "show" that the omitted "or" has between any other names of the enumerated amusements that have been prohibited by the statute.

Much that has been said by the counsel in this case on both sides is very applicable and should appeal very strongly to the legislature, but we did not write the statute. It is only our business to construe it as we find it, and to give it as nearly as possible the construction that we think the legislature had in mind when they enacted the statute. It is our business to say what the law is as nearly as we can determine that fact and not what it ought to be.

The petition is *denied.*

Sullivan, C. J., concurring.