(December 21, 1911.)

## I. V. HOWARD, Appellant, v. THE GRIMES PASS PLACER MINING CO. et al., Respondents.

[120 Pac. 170.]

ATTACHMENT—PRO-RATING AMONG CREDITORS.

(Syllabus by the court.)

1. Under the terms of sec. 4304 of the Rev. Codes. which provides for pro-rating the proceeds of attached property among all creditors who "commence and prosecute to final judgment" their actions "within sixty days after the first posting and publication" of the notice of such attachment, no creditor will be entitled to pro-rate in the proceeds of such attached property unless he has procured his judgment within the sixty-day period prescribed by the statute.

2.   *Held,* that under the provisions of sec. 4304 of the Rev. Codes, a creditor in order to be entitled to pro-rate in the proceeds of attached property must both *commence* his action within the sixty-day period and *prosecute* the same to final judgment within the sixty-day period.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Carl A. Davis, Judge.

Appeal from an order denying a motion to vacate and set aside a sale on execution.   Judgment and order *reversed.*

Jackson, Quarles & Taylor, for Appellant.

In order to have a right under a writ of attachment, the plaintiff must do everything required by the statute. (*Murphy v. Montandon,* 3 Ida. 325, 35 Am. St. 279, 29 Pac. 851; *Volmer v. Spencer,* 5 Ida. 557, 51 Pac. 609; *Kerns v. McAuley,* 8 Ida. 58, 69 Pac. 539; *Murphy, Grant & Co. v. Zaspel,* 11 Ida. 145, 81 Pac. 301.)

It cannot be extended to a case that is not within the terms of the statute.   (Sutherland, Stat. Cons., 1st ed., secs. 392, 393, 325, 238.)

The remedy is with the legislature, and not with the courts. The words being plain, nothing can be added by the court. (*People v. Owyhee Lumber Co.,* 1 Ida. 420; *Greathouse v. Heed,* 1 Ida. 494; *Holmberg v. Jones,* 7 Ida. 752, 65 Pac. 563; *Shepherd v. Grimmett,* 2 Ida. 1123, 3 Ida. 403, 31 Pac. 793; *Wright v. Kelly,* 4 Ida. 634, 43 Pac. 565; *Best v. Gohlson,* 89 Ill. 465; *Pitman v. Flint,* 27 Mass. (10 Pick.) 504; *Kilpatrick v. Byrne,* 25 Miss. (3 Cush.) 571; *Tynan v. Walker,* 35 Cal. 634, 95 Am. Dec. 152; *Encking v. Simmons,* 28 Wis. 272; *Swift v. Luce,* 27 Me. 285; *Lane v. Schomp,* 20 N. J. Eq. 82; *In re Tipple's Estate,* 13 N. Y. Supp. 263; *Engelking v. Van Wamel,* 26 Tex. 469.)

Perky & Crow, and C. S. Polk, for Respondents.

The inconvenience, hardship, or absurdity which one construction would lead to is often strong evidence in favor of another or different construction involving no objections of

that character. (*Kendall v. Green,* 67 N. H. 557, 42 Atl. 178; *Noyes v. Marston,* 70 N. H. 7, 47 Atl. 592.)

This amendment was enacted in 1895 and re-enacted in 1909. During the period from 1895 to 1909 practically all of the district courts of the state were called upon to construe such amendment, and without exception these courts gave to the same the construction contended for by respondent and judgment creditors, so it may be presumed that the legislature of 1909 knew of the construction so placed on this amendment by the district courts, and in re-enacting said section in 1909 enacted the same with the construction theretofore placed upon it. (*United States v. Ninety-nine Diamonds,* 139 Fed. 961, 72 C. C. A. 9, 2 L. R. A., N. S., 185; *State v. Barrett,* 27 Kan. 213; *Pembroke v. Huston* 180 Mo. 627, 79 S. W. 470.)

The contention of appellant would entirely nullify the force of the amendment, and it is the duty of the court to so construe an act as to give it force and effect.

An interpretation of a statute that leads to an absurdity ought to be rejected. (*Bailey v. Commonwealth,* 74 Ky. 688; *In re Lambrecht,* 137 Mich. 450, 100 N. W. 606.)

When the construction of a statute is doubtful, one long acted upon by the inferior courts will generally be adopted by this court. (*Plummer v. Plummer,* 37 Miss. 185; *Whitcomb v. Rood,* 20 Vt. 49.)

AILSHIE, J.—This is a controversy which arises between certain creditors of the Grimes Pass Placer Mining Co. The appellant commenced an action and sued out a writ of attachment and caused the property of the company to be attached. Within sixty days after the posting and publication of the notice of attachment, certain other creditors commenced their actions against the debtor but did not secure judgments within sixty days after the posting and publication of the notice of attachment. The court allowed all creditors to prorate with the attaching creditor in the distribution of the proceeds of the sale of the attached property where they commenced their actions within sixty days after the posting and

publication of notice of the attachment, although judgments were not obtained until more than a year thereafter.

The only question here involved is the construction of that portion of sec. 4304 of the Rev. Codes, which reads as follows:

"Any creditor of the defendant, who, within sixty days after the first posting and publication of such notice, shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor in the proceeds of defendant's property where there is not sufficient to pay all judgments in full against him."

The respondents contend and the trial court held that the foregoing provision of the statute only requires that the action be commenced "within sixty days after the first posting and publication of such notice," and that if judgment is at any time thereafter procured in an action so commenced, the judgment creditor will be entitled to pro-rate in the proceeds of the attached property. The appellant, on the other hand, contends that under this statute in order to entitle a creditor to pro-rate with the attaching creditor, he must commence his action and prosecute the same to final judgment within sixty days after the first posting and publication of the notice.

A statute written in the plain and ordinary language in common every-day use, dealing with a subject that is neither technical nor scientific, should be construed as the ordinary reading public would read and understand it. In speaking of the rule that should be applied in construing a statute that does not employ technical language, this court in *Re Bossner,* 18 Ida. 519, 110 Pac. 502, said: "It is a well-established rule of law that when words have not a technical meaning or application, or when they have not been so used or employed in the statute, they should then be given their ordinary significance as they are popularly understood. We must construe the language here used by the legislature in the light of the popular and common acceptation of the terms there employed." Applying this rule to the foregoing statute, there

can be but little or no doubt as to its meaning.  The creditor must "within sixty days after the first posting and publication of such notice . . . . commence and prosecute to final judgment his action," etc.  The words "within sixty days" refer to both the words "commence" and "prosecute," and the *prosecution* must be to "final judgment."  It is not enough that the creditor *commence* his action "within sixty days," but he must *prosecute* his action to "final judgment within sixty days."  It would be an unreasonable and strained construction to hold that the "within sixty days" refers only to the word "commence" and that the words "prosecute to final judgment" are unmodified and unlimited as to time and that *any time* will do.

It is argued, however, in opposition to the foregoing construction, that if such actions must be prosecuted to final judgment within sixty days, that it will require an impossibility in many cases where the action must be brought in the district court.  It is suggested that there are only two terms of court a year in many of the counties, and that where an action is contested, it would be impossible in many instances to procure a judgment within the sixty-day period.  That may all be true, and still it does not change the language employed by the legislature in this section.  The legislature undoubtedly had in mind the prevention of the issuance of a great many writs of attachment and also speedy action in such cases, and so it was intended that all persons who commenced and prosecuted their action to final judgment within sixty days should have the benefit of the first writ issued.  It should be remembered that judgments can be procured in the justice and probate courts up to the maximum of $500 and costs, and that those courts are always open, so that it would be possible for all of the smaller claims to be prosecuted speedily in such courts.

The question as to the validity of this statute has not been briefed or argued and does not arise in the present case, for the reason that no judgments were obtained within sixty days, and so we express no opinion as to the validity of the statute. We hold, however, that an action by a creditor who has not

prosecuted his claim to final judgment within the sixty-day period does not come within the contemplation of the statute as the same has been enacted and was evidently intended.

The judgment is reversed and the cause is remanded with directions to the trial court to take such further proceedings as may be consistent with the views herein expressed. Costs awarded in favor of appellant.

Sullivan, J., concurs.

STEWART, C. J., Concurring.—I concur in the conclusion of the majority opinion in holding that the trial court was in error in refusing to set aside the sale made by the sheriff of Boise county upon an execution issued in this case on a judgment obtained in the district court.

The language used in sec. 4304, as quoted in the majority opinion, in my judgment is plain and explicit and needs no explanation, and means that any creditor of a defendant who within sixty days after the first posting and publication of the notice of attachment shall commence and prosecute to final judgment an action for his claim against the defendant, by so doing shall share *pro rata* with the attaching creditor in the proceeds. But while I thus concur in this opinion, I do not hold that by a creditor commencing an action and prosecuting it to final judgment within sixty days after the first posting and publication of notice of attachment, that such creditor shall have any right whatever to pro-rate with the attaching creditor in the proceeds of the property attached, or that said statute in any way confers any right whatever to a subsequent attaching creditor to pro-rate in the proceeds of property attached, whether the suit be begun and prosecuted to final judgment within sixty days after the notice of the attachment is issued or after such time.

Petition for rehearing denied.