12552

MOORE ET AL. v. WATERS, COUNTY SUPERINTENDENT OF EDUCATION, ET AL.

(146 S. E., 92)

*Messrs. Lyles, Daniels & Drummond,* for appellants,

*Messrs. Nicholls, Wyche & Byrnes,* for respondents,

December 31, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

At its 1928 session, the Legislature passed an Act (35 St. at Large, p. 1293), relating to the election of school trustees in Spartanburg County. Section 2 is as follows:

"Upon the petition of one-third (1/3) of the qualified electors, and a like portion of the resident freeholders of any school district in Spartanburg County filed with the county superintendent of education on or before the first day of June, 1928, and every year thereafter when school trustees are to be appointed, the county board of education may order an election in such school district for trustees thereof, which shall be held by the board of trustees in office at the time, upon giving not less than two weeks notice of the time, place and object of said election, in a county newspaper, and by posting the same in at least three public places in said school district for not less than ten days before said election: Provided, however, in case where elections are not ordered the county board of education shall appoint the trustees."

On April 12, 1928, conforming to the provisions of the statute, the required number of qualified electors and resident freeholders of Inman school district No. 26 petitioned the county board of education for Spartanburg County to order an election in that district, for the purpose of electing a trustee for the term beginning June 30, 1928. The board refused to grant the petition, and this action was then brought by the plaintiffs, on behalf of themselves and the other signers of the petition, for a writ of mandamus to compel it to do so. The matter was heard by his Honor,

Judge Sease, who, in an order dated July 19, 1928, refused the writ, holding that the authority given to the county board of education to order elections for trustees was discretionary, and not mandatory. From this order the plaintiffs appeal and impute error.

The contention of the appellants is that the statute invoked, being an election statute, confers upon the county board of education a power to be exercised by it for the benefit of the public, and is therefore, regardless of the words employed, mandatory in fact; that the words "may order an election," as used in the statute, are equivalent to "shall order an election"; and that to place upon the statute the construction contended for by the respondents would be to convict the two houses of the Legislature of conduct idle and absurd. The respondents, while admitting that sometimes the word "may" in a statute is construed "shall," argue that the history of the passage of the Act clearly shows that it was the intention of the Legislature to place upon the county board of education the duty of deciding when it would be for the best interest of a school district to have an election for trustees.

While it is true that "may," in a statute, is often construed "must," or "shall," especially where, as in the present case, the thing to be done is of interest or benefit to the public, the intention of the Legislature must always be given effect (*Dillingham v. Spartanburg*, 75 S. C., 549, 56 S. E., 381, 8 L. R. A. [N. S], 412, 117 Am. St. Rep., 917, 9 Ann. Cas., 829); and for that purpose the Court may inquire into the history of the legislation, as disclosed by the records of the two houses (25 R. C. L., 1039; *Crescent Manufacturing Co. v. Tax Commission,* 129 S. C., 495, 124 S. E., 761).

It appears that, when the Bill was introduced in the House of Representatives, it contained the words "shall order an election," but when it reached the Senate it was amended so as to read "may order an elec-

tion." Also it was amended in the Senate by adding to Section 2 the proviso, which reads: "Provided, however, in case where elections are not ordered the county board of education shall appoint the trustees."

The Legislature evidently had some purpose in amending the Bill. The word "shall," first appearing therein, imposed an imperative duty upon the county board of education to order an election for trustees in any school district, when the requirements of the law as to filing a petition, etc., had been met. If the Legislature intended the Act to be mandatory, there was no necessity to amend the Bill as introduced; and the amendment, striking out "shall" and substituting "may," during the passage of the Act, is strongly indicative of legislative intent that the powers granted the county board in the matter of ordering elections should be discretionary.

If, however, the substitution of "may" for "shall," when taken alone, is deemed insufficient to indicate the legislative intent, the addition of the proviso at the end of the Section removes any possible doubt in the matter. This proviso, when construed with the balance of the Section in the light of the history of the passage of the Act, can only mean that, in all cases where the board is duly petitioned and refuses to order an election, the selection of the trustees shall be by the usual method of appointment. We think the conclusion reached by the Circuit Judge was correct.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.