(No. 6519.   March 12, 1938.)

STATE on the Relation of HARRY C. PARSONS, State Auditor, and J. W. TAYLOR, Attorney General, Respondent, v. BUNTING TRACTOR COMPANY, a Corporation, G. E. McKELVEY, J. H. STEMMER, AETNA CASUALTY AND SURETY COMPANY, a Corporation, UNITED PACIFIC CASUALTY INSURANCE COMPANY, a Corporation, CONTINENTAL CASUALTY COMPANY, a Corporation, and COLUMBIA CASUALTY COMPANY, a Corporation, Appellants.

[77 Pac. (2d) 464.]

618

T. L. Martin, Karl Paine and J. W. Galloway, for Appellants G. E. McKelvey and J. H. Stemmer.

Richards & Haga, for Appellant Bunting Tractor Company.

E. B. Smith, for Appellant Aetna Casualty and Surety Company.

J. F. Martin, for Appellant United Pacific Casualty Insurance Company, a Corporation.

Hawley & Worthwine, for Appellants Continental Casualty Company, a Corporation, and Columbia Casualty Company, a Corporation.

J. W. Taylor, Attorney General, Ariel L. Crowley, Lawrence B. Quinn and E. G. Elliott, Assistant Attorneys General, for Respondent.

BUDGE, J.—The state, on relation of its auditor and attorney general, seeks to compel repayment of $13,401.86, allegedly expended illegally in acquiring certain road machinery by appellants, commissioner of public works and director of highway from appellant Bunting Tractor Company. Other appellants are sureties for the appellant state officials.

The complaint sets up three causes of action, each involving a separate transaction, identical excepting as to dates, amounts, and equipment involved. Substantially, it is alleged that without authority of law and in violation of the provisions of chap. 15, title 65, I. C. A., and in the total absence of any compliance therewith, the Bunting Tractor Company sold and delivered to the Department of Public Works certain road machinery upon three written leases. In brief, the leases, signed by appellant J. H. Stemmer, Acting Commissioner of Public Works, provided for leasing the equipment by the Bunting Tractor Company to the state at a named "total rental sum" for a period of 10 months, payable in 10 monthly proportionate payments. The complaint further alleges that at the time of entering into the written contracts, appellants Stemmer, McKelvey and Bunting Tractor Company, for the purpose of evading and nullifying the provisions of chap. 15, title 65, I. C. A., made and entered into verbal agreements and understandings by which it was agreed that upon completion of the payments specified in the leases, together with interest computed on monthly balances, the equipment would become the property of the state upon payment of certain small final sums or payments. It is then alleged the Bunting Tractor Company executed claims against the state for the instalments and for the final sums or payments, which claims were approved by appellants Stemmer and McKelvey, filed with the auditor, certified by him to the Board of Examiners, by the latter allowed, and that such claims were paid by state warrants. It is further alleged said written leases and contemporaneous verbal agreements constituted integral parts of conditional sales of said equipment, that no bids were required or made as provided in chap. 15, title 65, I. C. A., nor was any public notice or advertisement of any character given or made as required

therein, nor was any contract of sale awarded in the name of the state or otherwise as required by section 65–1507, I. C. A., and that because of such reasons the purchase under the aforesaid agreements was and at all times has been wholly void and unlawful.

Appellants filed separate demurrers to the effect that the complaint failed to state facts sufficient to constitute a cause of action against them, which demurrers were overruled.

Answers were filed by appellants, to the effect that leases were entered into and that no bids were required or made; that all arrangements for procuring the property described in the leases were made by the then Governor and State Purchasing Agent, and each of them; that said documents were executed under the authority and direction of said Governor and State Purchasing Agent; it was denied that the final payments were the balances of the purchase price. For further answer and defense it was alleged the equipment was procured to be immediately used and was so actually used in the construction of a public highway in Owyhee county to provide means of transportation and communication for an isolated but important section of the state, and to provide employment for idle and destitute labor, and that the necessity for providing such transportation, communication and employment constituted a public exigency requiring immediate delivery of the equipment, and the then Governor and State Purchasing Agent so determined and found, and said property was procured pursuant to and in virtue of such public exigency, determination and finding, and not otherwise. It was further affirmatively alleged that subsequent to the execution of the leases and delivery of the equipment, and as a separate transaction the Bunting Tractor Company offered to sell and transfer the equipment to the state for the small final sums, heretofore referred to; that said offer was accepted by the State Purchasing Agent, and that the terms of said offer were unknown to appellants Stemmer and McKelvey. Finally it is alleged the equipment was a monopoly, that no other property was comparable to it or suitable for its intended use by the state; that no similar property was available for pur-

chase for a comparable price, and for said reasons the property was not a subject of competitive bidding.

Demurrers to the separate answers, upon the ground they did not state facts sufficient to constitute a cause of defense, were sustained as to all appellants. Thereafter the state moved for judgment in conformity with the prayer of its complaint upon the ground:

"General demurrer having been sustained to each of the answers and amended answers of the several defendants in this case, there remains no issue of fact to be tried."

Judgment was entered reciting in part:

"NOW THEREFORE, upon motion of the plaintiff, the court finds that the allegations of each of the several causes of action set forth in the complaint, with the admissions of the several answers filed herein by the several defendants are sufficient in law and in fact to warrant judgment in favor of the plaintiff and against the defendants severally as prayed in the plaintiff's complaint, and finds that there is no justiciable issues raised by the pleadings in this cause; and findings of fact and conclusions of law being expressly waived by all parties,"

and ordering, adjudging and decreeing that the state recover of and from the appellants jointly and severally the sums claimed.

The assignments of error raise the following main questions necessary to a decision in this case:

(1) Whether sec. 65–1507, I. C. A., is permissive or mandatory with reference to advertising for bids?

(2) If sec. 65–1507, I. C. A., is permissive, does the complaint state a cause of action against appellants, or any of them?

(3) If sec. 65–1507, I. C. A., is permissive, and the complaint states a cause of action, does the answer state facts sufficient to constitute a defense?

Respondent's evident theory is that the entire action of the lower court was correct because chapter 15, title 65, I. C. A., and particularly sec. 65–1507, I. C. A., mandatorily requires that the equipment involved be acquired by the state purchasing agent advertising for bids in the manner pre-

scribed in chapter 15, *supra,* and this concededly not having been the manner of procurement of the equipment no further question exists, that is, no legal defense could be interposed. Appellants urge the contrary is true,—that the statute is not mandatory, but permissive. The statute, sec. 65–1507, I. C. A., provides:

"The state purchasing agent in making purchase of all supplies and equipment necessary for the departments and institutions enumerated in section 65–1502 *may advertise, as hereinafter provided, and award contracts in the name of the state of Idaho for such supplies and equipment to the lowest responsible bidder."*

It is urged by respondent that although the word "may" is used in the foregoing statute, from the context and the intention apparent from the whole chapter, the legislative intent was expressed that advertisement for bids was mandatory.

In the interpretation of a statute the court's only concern is to ascertain and give effect to the legislative intent as expressed, irrespective of the wisdom, practicability, policy, expediency or possible results. (*State v. Lukens,* 48 Ida. 357, 283 Pac. 527; *State v. Jutila,* 34 Ida. 595, 202 Pac. 566; *Howard v. Grimes Pass Placer Min. Co.,* 21 Ida. 12, 120 Pac. 170, Ann. Cas. 1913C, 284; *Diefendorf v. Gallet,* 51 Ida. 619, 10 Pac. (2d) 307; *In re Garrett Transfer etc. Co.,* 53 Ida. 200, 23 Pac. (2d) 739; *In re Bossner,* 18 Ida. 519, 110 Pac. 502; 59 C. J. 945.)

Ordinarily in construing a statute, words will be given their common and ordinarily understood meaning. (*Cook v. Massey,* 38 Ida. 264, 220 Pac. 1088, 35 A. L. R. 200; *Adams v. Lansdon,* 18 Ida. 483, 110 Pac. 280; *In re Bossner, supra; State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280, Affd. 246 U. S. 343, 38 Sup. Ct. 323, 62 L. ed. 763; *State v. Cosgrove,* 36 Ida. 278, 210 Pac. 393.) This court has heretofore judicially interpreted the word "may" appearing in legislation as having the meaning or expressing the right to exercise discretion,—a permissive right, rather than the imperative or mandatory meaning of "must." (*Barton v. Schmershall,* 21 Ida. 562, 122 Pac. 385; *Lee v. Stevens,* 22 Ida. 670, 127 Pac.

680; *Small Claims Dept. v. Board of County Commrs. of Ada County*, 44 Ida. 228, 256 Pac. 102; 59 C. J., p. 1079, sec. 635.) The foregoing section, section 65–1507, I. C. A., originated as a part of chapter 128, Session Laws 1919. The legislative record discloses that the original Senate Bill 147, contained the word "shall" where the word "may" now appears, but that the Senate, February 28, 1919, as shown by its journal, pages 353, 360, 408, of which the court takes judicial notice (*In re. Garrett Transfer etc. Co., supra; Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965; *In re Segregation of School Dist. No. 58*, 34 Ida. 222, 200 Pac. 138), changed the word "shall" to "may" by amendment, and passed the bill as amended. The House Journal, at page 448, shows that on March 7, 1919, Senate Bill 147, as amended, was passed by the House. In *United Pacific Ins. Co. v. Bakes*, 57 Ida. 537, 67 Pac. (2d) 1024, this court reiterated the rule that where an amendment is made it carries with it the presumption that the legislature intended the statute thus amended to have a meaning different than theretofore accorded it. (*In re Segregation of School Dist. No. 58, supra; Moody v. State Highway Dept.*, 56 Ida. 21, 48 Pac. (2d) 1108; 59 C. J. 1097, note, 35; 25 R. C. L. 1051, sec. 276, n. 4, n. 5; *United States v. Bashaw*, 50 Fed. 749, 754; *People v. Weitzel*, 201 Cal. 116, 255 Pac. 792, 52 A. L. R. 811; *United States v. Keitel*, 211 U. S. 370, 29 Sup. Ct. 123, 53 L. ed. 230; *Rieger v. Harrington*, 102 Or. 603, 203 Pac. 576.) Applying the foregoing presumption to the statute under consideration, sec. 65–1507, I. C. A., the only logical difference of intended meaning that can be presumed is that the word "may" was intended to express a meaning different than the word "shall," either being grammatically correct, and that the change of words, or the amendment, clearly indicated a change from the mandatory to the permissive. (*Moore v. Waters, County Supt. of Education*, 148 S. C. 326, 146 S. E. 92; *Goodchild & Partners v. Ready Tool Co.*, 100 Conn. 378, 124 Atl. 38; *State v. Board of Education of Worthington Village School District of Franklin Co.*, 105 Ohio St. 438, 138 N. E. 865; *Dillingham v. Mayor etc. of Spartanburg*, 75 S. C. 549, 56 S. E. 381, 117 Am. St. 917, 9 Ann. Cas. 829, 8 L. R. A., N. S., 412; 59 C. J., p. 1079,

sec. 635, at p. 1082.) The use of the word "shall" numerous times and without deviation in the next subsequent section, sec. 65–1508, I. C. A., passed at the same time, which section sets forth completely the manner, means and method of advertising for bids, opening bids, etc., taken in connection with the fact that "shall" was amended to read "may" in the preceding section, is further indication that the legislature recognized and intended a different meaning should be accorded "may" and "shall." An examination of the statutes and the manner of their passage subjected to the announced rules for the determination of the legislative intent leads to the inevitable conclusion that the making of purchases upon bids is permissive and not mandatory.

It is the contention of appellants McKelvey, Stemmer and their sureties that the demurrers to the complaint interposed by them should have been sustained because none of them could be held liable for repayment of the money under sec. 65–1514, I. C. A., for the reason that the only party therein identified as being liable was the Bunting Tractor Company, which company received the advances made by the state. The statute referred to, sec. 65–1514, I. C. A., provides:

"All contracts or agreements made in violation of section 65–1507 shall be void and whenever any sum of money is advanced on the part of the state of Idaho in consideration of any such contract or agreement, it shall be forthwith repaid; and in case of refusal or delay to repay the same when demanded by the proper officers of the state of Idaho, under whose authority such contract or agreement shall have been made or entered into, every person so refusing or delaying, together with his surety or sureties, shall be forthwith prosecuted at law for the recovery of such sum of money so advanced."

It is respondent's theory, under the allegations of the complaint, that recovery may be had against appellants McKelvey, Stemmer, and their sureties, as well as from the Bunting Tractor Company, under the provisions of sec. 65–1514, I. C. A., *supra*. There is no allegation in the complaint that either McKelvey or Stemmer received, either directly or indirectly, any part of the sums advanced by the state in con-

sideration of the allegedly void contracts, not that they received any benefits of any kind or nature. No fraud, unfairness, partiality or favoritism is alleged, simply that for the purpose of evading and nullifying the provisions of chapter 15, title 65, I. C. A., appellants Stemmer, McKelvey and the Bunting Tractor Company entered into contracts in a manner contrary to law with the result that the same were void. Respondent's contention is simply that the procurement of the road equipment should have been by the state purchasing agent upon bids, and not having been so procured, the agreements were void, entitling the state to recover back the sums advanced from all appellants jointly and severally. The complaint specifically alleges that the Bunting Tractor Company received the advances, namely:

"has received and has of the public moneys of the State of Idaho without warrant in law and against the statutes aforesaid upon the said void contracts, the sum of ($13,401.86), now and at all times the property of the State of Idaho and justly due to the State of Idaho."

The statute provides that the money advanced by the state on a void contract must be "repaid,"—literally "paid back."

Webster's New International Dictionary defines "re" as follows:

"re—. a prefix denoting: 1 Back, esp. back to an original or former state or position; backwards;—chiefly in words derived from Latin compounds; as in recline, retrace, recede, refuge, recall."

"Repay" is defined by Black's Law Dictionary, third edition, as follows:

"Repay. To pay back; refund; restore; return." (*Walker v. Wilmore,* (Tex. Com. App.) 212 S. W. 655; *Harlan Coal & Land Co. v. King Harlan Mining Co.,* 192 Ky. 111, 232 S. W. 650, 654; *Grant v. Dabney,* 19 Kan. 390.)

The statute negatives the theory that persons, or the sureties of persons, participating in the making of void contracts or agreements, without anything further, are liable for the repayment of the advances made, which advances they have not received. The statute provides for the bringing of suit "in case of refusal or delay to *repay* the same (any sum of money

advanced on the part of the state) when demanded.'' Neither
appellants Stemmer or McKelvey were paid or received any
sum of money advanced by the state on the alleged void con-
tracts or agreements and it would thus be impossible for
either to comply with the requirements of the statute to ''re-
pay,''—pay back, refund, restore or return, said sum of
money advanced by the state in consideration of the alleged
void contracts or agreements. The words ''repaid'' and ''re-
pay'' alone serve to identify the person or persons liable
under sec. 65–1514, I. C. A., for a recovery by the state of
the money advanced. The legislative intent appears to be
further discoverable from the language of the statute provid-
ing that demand for repayment shall be made by the proper
officer under whose authority the contract shall have been
made or entered into. It appears that such proper officer of
the state obliged to make the demand is the officer under whose
authority the alleged void contract was entered into or made,
in this instance the commissioner or acting commissioner of
public works. In other words, it has been provided that it is
the duty of the state official under whose authority a void con-
tract has been made or entered into to demand repayment of
the sums of money advanced by the state on such contract.
It is neither reasonable nor logical that the legislature intended
that the state officer, under whose direction or authority the
contract or agreement was made or entered into, should make
demand upon himself for repayment to the state of sums of
money which he had not received and which were illegally
paid because of the void contract or agreement made or en-
tered into under his authority. Whether or not the con-
tractor is required to furnish bond is not controlling and is
not an indication that the sureties of the state officials were
intended by the use of the words ''surety or sureties.'' The
surety or sureties who may be forthwith prosecuted for the
recovery of the sum of money advanced are clearly designated
in the statute as the surety or sureties of the person refusing
or delaying to *repay* the sums of money advanced when de-
mand has been made, if, of course, there be any such sureties.
The cause of action as set out in the complaint seeks recovery
against appellants Stemmer, McKelvey and their sureties

by reason of the provisions of sec. 65–1514, I. C. A., that is, recovery is sought against 'them by reason of the fact that they violated or assisted in the violation of sec. 65–1507 and chapter 15, title 65, I. C. A., with reference to the manner of procurement of the equipment. The statute under which recovery is sought does not make *such violation* the basis for the recovery, but rather the basis for recovery provided in sec. 65–1514, I. C. A., is the *refusal to repay* upon demand of the proper officer the sums of money advanced in consideration of the void contract or agreement. No statute has been urged as authorizing recovery against appellants Stemmer and McKelvey and their sureties, other than sec. 65–1514, I. C. A., and we are unable to construe the statute cited as creating a liability for the repayment of the money advanced as against them. Since sec. 65–1514, I. C. A., does not purport to make any person civilly liable for its violation, excepting a person who has received the sums of money advanced by the state in consideration of the void contracts or agreements, the complaint is insufficient to state a cause of action against the appellants McKelvey, Stemmer or their sureties.

It is further contended that the complaint fails to state a cause of action since it fails to allege that the state purchasing agent "did not authorize the alleged conditional sales," the argument being to the effect that if the alleged conditional sales were made under the direction or authority of the state purchasing agent, they were made by him and are thus valid. The complaint, in effect, alleges the matter contended for by appellants. It was alleged that the equipment was sold without authority of law and in violation of the provisions of chapter 15, title 65, I. C. A., and in the total absence of any compliance therewith; that the leases were entered into on the part of the state by J. H. Stemmer, Acting Commissioner of Public Works; that appellants McKelvey and Stemmer made and entered into the verbal agreements and that no contract of sale was awarded as required by section 65–1507, I. C. A., nor otherwise than is set forth in the complaint. In other words, the complaint contained allegations in effect amounting to that which appellant contends should have been made, that is, that the conditional sales were not made by or

under the direction or authority of the state purchasing agent. It was alleged that the equipment was sold without authority of law. More specifically, it was alleged that the contracts were entered into by appellants Stemmer and McKelvey, contrary to any and all provisions of chapter 15, title 65, I. C. A., and in the total absence of any compliance with *any* statute to be found within said chapter. It is thus specifically alleged that Stemmer and McKelvey entered into the contracts. Such authority as there may be, providing that contracts may be entered into under the direction or authority of the state purchasing agent is to be found in chapter 15, title 65, I. C. A., which chapter in its entirety the complaint alleges was not complied with in any manner or in any part. Appellants' position in this regard is thus untenable. The complaint states a cause of action against the Bunting Tractor Company.

It is further urged that the complaint fails to state a cause of action because it is not alleged that the state purchasing agent, or McKelvey, or Stemmer made demand as required by sec. 65–1514, I. C. A., nor that there was a refusal to make such demand. To all intents and purposes a demand was made upon the Bunting Tractor Company, transmitted to it by the proper officer who shall have made or entered into the contract or agreement. It is alleged in the complaint:

"Prior to the institution of this action, and on behalf of the State of Idaho, this relator Attorney General notified the said defendants G. E. McKelvey and J. H. Stemmer in writing of the illegality of said contracts and demanded return to the State of Idaho of all moneys received by the defendant Bunting Tractor Company thereunder, which said demand the defendants G. E. McKelvey and J. H. Stemmer thereafter transmitted without demand to the said Bunting Tractor Company. . . . . "

This action was instituted in the name of the state on relation of its auditor, who by the provisions of I. C. A., section 65–901, is authorized to and has the duty imposed upon him:

"To direct and superintend the collection of all moneys due the State . . . . and institute suits in its name . . . . against persons who by any means have become possessed

of public money or property and fail to pay over the same. . . . . "

We are unable to find any error in this respect.

Appellants' second assignment of error is in part that the court erred in sustaining respondent's demurrer to the separate amended answer of defendant Bunting Tractor Company. In effect, the brief of respondent would appear to concede that if the procurement of equipment by advertising for bids is not mandatory, which conclusion is heretofore reached, the answer of the Bunting Tractor Company stated facts sufficient to constitute a defense. It is unnecessary to consider all of the allegations contained in the answer. In brief the answer in effect alleged that the contracts or agreements were made under the order, authority and direction of the then Governor and State Purchasing Agent. Likewise it was alleged that the equipment was procured for immediate use required by the public exigencies, doubtless intended to, and it would appear that such allegations do, bring the transaction within the terms of sec. 65–1510, I. C. A., providing:

" . . . . Likewise when immediate delivery of articles or performance of service is required by the public exigencies, the articles of service so required may be procured by open purchase or contract at the place and in the manner in which such articles are usually bought and sold or such services engaged between individuals, but under the direction of the state purchasing agent."

Inasmuch as the cause may be tried upon the issues found by the complaint and the amended answer of the Bunting Tractor Company we refrain from expressing any opinion with reference to such answer other than that the demurrer thereto should have been overruled.

It follows that the cause is reversed and remanded with instructions to the trial court to sustain the demurrers of the appellants McKelvey, Stemmer and their sureties to the complaint, and to overrule the demurrer of respondent to the amended answer of the Bunting Tractor Company.

AILSHIE, J.—██ The action of the relators is prosecuted on behalf of the state, under the authority of sec. 65–

1514, which declares that "all contracts or agreements made in violation of sec. 65–1507 shall be void." The complaint alleges that the action is prosecuted under the authority of sec. 1514 for a failure on the part of the defendants to observe and comply with the provisions of sec. 65–1507. Now, if sec. 65–1507 is merely permissive or directory and not mandatory, then, of course, no cause of action is stated against anyone by the complaint herein. Whether mandatory or permissive, it seems clear to me that no cause of action is stated against either McKelvey or Stemmer, for the reason that it is nowhere alleged, nor is it contended, that either of them received or benefited from any payment made by the state for or on account of the lease or purchase of the machinery and equipment in question. On the other hand, if sec. 65–1507, standing alone, is mandatory, or, when construed in connection with the rest of the act, is mandatory, then there can be no reasonable doubt but that a cause of action is stated against the Bunting Tractor Company as vendor of the property described.

Sec. 65–1507, if considered as standing alone and having been incorporated in the act under the circumstances as set forth in the opinion of Mr. Justice Budge, is permissive only, and would leave the procedure mentioned in that section optional with the purchasing agent. Here, however, it does not seem to me that we can safely consider and pass upon sec. 65–1507 as if standing alone, for the very persuasive reason that it is a part of chapter 15 which comprises sixteen sections prescribing the duties of the purchasing agent, the manner of making purchases and the obligations and liabilities of those dealing with the purchasing agent or the state in relation thereto. The original act was chapter 128 of the 1919 Sess. Laws. Section 6 of that act was the same as sec. 1507 of chapter 65 of the present code. Sec. 6 was immediately followed by sec. 7, which corresponds exactly with sec. 1508 of the present statute.

Now, turning to sec. 65–1507, we find that it says that the "state purchasing agent in making purchase . . . . *may* advertise, as hereinafter provided, and award contracts in the name of the state," etc. The only provision in the law, to

which the expression "as hereinafter provided" can possibly refer, is the section immediately following (1508) which goes into detail with reference to the requirement that the commissioners and superintendents of departments "shall" make itemized statements of supplies needed and that notice "shall" be given in one or more newspapers for at least ten days; and that bids shall be called for and opened at a specified time and place; and that the contracts shall be awarded to the lowest responsible bidder. It also provides, "which *notice shall also state* that detailed statements of supplies to be furnished [are] on file at the office of the state purchasing agent and subject to inspection, and *shall also specify that at a certain time,* to be therein mentioned, said proposals will be opened, and contracts awarded to the lowest responsible bidder."

It seems to me, after an extended examination and consideration of these several provisions, that the expression "as hereinafter provided," contained in sec. 1507, was intended to refer to the subsequent section and to embody and point to the provisions thereof as the specific detail and directions as procedure to be followed in calling for bids and awarding contracts; and although the word "may" was used in the first sentence, the word "shall" is used throughout the remainder of the act, and if it was not intended to be mandatory, it would render secs. 1510 and 1514 wholly meaningless and ineffectual. In other words, to hold that the provisions of secs. 65–1507 and 1508 are mandatory, with reference to the advertisement for bids and awarding of contracts, results in giving meaning and effect to secs. 1510 and 1514, as written; whereas, to hold that those sections (1507 and 1508) are merely permissive, amounts to holding the two latter sections (1510 and 1514) as of no effect whatever, and would place the legislature in the position of having adopted these two sections, when, in truth and fact, they knew and intended at the time that they would have no effect whatever. For these reasons, I am constrained to hold that sec. 65–1507 was intended to be mandatory and is to be read and construed *in pari materia* with sec. 1508.

My conclusion upon the whole matter is that, for the foregoing reasons, the judgment of the district court should be reversed and the cause should be remanded, with directions to the trial court to sustain the demurrers of McKelvey and Stemmer and their sureties to the complaint, and to overrule the demurrer of the defendant Bunting Tractor Co.; and to also overrule the demurrer of the plaintiff to the amended separate answer of the Bunting Tractor Company. It is ordered accordingly. No costs awarded.

Holden, C. J., Givens, J., and Stevens, D. J., concur in the opinion of Justice Ailshie.