No. 10,909.

CUTLER v. BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY.

Decided April 7, 1924.

Action against a county by a water commissioner for salary. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. WATER COMMISSIONERS—*Statutes—Repeal.* Section 3430, R. S. 1908, providing that water commissioners shall not begin their duties until called on by ditch owners, held impliedly repealed by subsequent legislation, before its express repeal in 1921.

2. APPEAL AND ERROR—*Judgment by Appellate Court.* The Supreme Court in reversing a judgment of the trial court sustaining a demurrer to the complaint and dismissing the action, declined to order a judgment below, holding that defendant was entitled to answer and that the issues made by the further pleadings should be tried.

*Error to the District Court of Elbert County, Hon. Arthur Cornforth, Judge.*

Mr. S. R. STEPHENSON, Mr. WILLIAM A. HILL, for plaintiff in error.

Mr. WILLIAM C. ROBINSON, Mr. HARRY F. ANDERSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CUTLER brought suit against the defendant in error for salary for the season of 1920 as water commissioner for water district No. 1, of which Elbert county is alleged to be a part. He was defeated, brings error and moves for supersedeas. In addition to a cause of action for his own salary, he had a cause of action for the salary of his deputy,

which was assigned to him. We shall consider them as one.

The defendant relied and relies on R. S. '08, § 3430, passed in 1879, which reads as follows: "Said water commissioners shall not begin their work until they shall be called on by two or more owners or managers or persons controlling ditches in their several districts by application in writing stating that there is necessity for their action; and they shall not continue performing services after the necessity therefor shall cease."

The complaint did not allege that plaintiff had been "called on," as required by that section. A general demurrer was sustained, an amended complaint filed, alleging a call, and, on motion, a bill of particulars was ordered to show who called and when and for what ditches, etc. A bill of particulars was filed which was deemed insufficient and was stricken out, and, the plaintiff declining to plead further, the case was dismissed.

The above-quoted section was expressly repealed by the act of 1921 (S. L. 1921, p. 485), but plaintiff in error claims that it was repealed by implication by several earlier acts; and whether this is true seems to be the vital question in the case.

We think the plaintiff is right. Subsequent sections inconsistent with the requirements of this section seem to be numerous. R. S. § 3431 makes it the duty of the commissioner "after being called upon to distribute water, to devote his entire time to the discharge of his duties when such duties are required, * * * to be actively employed on the line of the stream or streams in his water district, supervising and directing the putting in of headgates, wastegates, keeping the stream clear of unnecessary dams or other obstructions, and such other duties as pertain to a guard of the public streams in his water district; and for wilful neglect of his duty, he shall be liable to fifty dollars fine, with costs of suit."

By C. L. '21, § 1807, passed in 1889, the state engineer shall require the water commissioners "to report to him at suitable times their official actions, and require of them

annual statements, on blanks to be furnished by him, of the amount of water diverted from the public streams in their respective divisions and districts, and such other statistics as, in the judgment of the state engineer, will be of benefit to the state."

The accuracy and completeness of these reports will constitute their value. Under this section therefore, the commissioner must do enough work to answer the demands of the state engineer, and that seems to require him at least to be able to state at all times the amount of water being taken from the public streams in his district. How could he do this if he waited for a call and no one called?

There are many more sections of the Compiled Laws— 1838 and 1839, enacted in 1887; 1921 enacted in 1889; 1927 and 1928 enacted in 1895; 1703, 1704 and 1705, enacted in 1897; 1688-1690, passed in 1899 (these last three sections are reservoir safety acts, requiring attention at all times of the year) ; 1759 and 1836, enacted in 1903; 1731 and 1832, in 1911; and 1618 and 1619, in 1917. Some of these sections impose duties upon the water commissioner which he could not perform if he waited for the call required by the act of 1879, and all of them, taken together with the act of 1879, show, as it seems to us, that said section 3430 was passed with reference to that act, and that by it the principal duty imposed upon the commissioner, was, as expressed in R. S. § 3432, to divide the water among the several ditches in accordance with the decrees of court. Obviously, if none of the proprietors of the respective ditches' called, there would be no occasion for his action, and if they were dissatisfied they would call upon him. The restriction in section 3430 was at that time, therefore, reasonable and desirable, but the gigantic development of irrigation since 1879 has compelled enactments which require very much more of the commissioners and are inconsistent with the requirement of that act that the commissioner do no work until called. We think, therefore, that the sustaining of the demurrer to the amended complaint was erroneous, that the allegations in the amended complaint of calls for

service were unnecessary, and that therefore a bill of particulars of those calls was unnecessary, and the order for it and the consequent dismissal of the bill were erroneous.

Plaintiff in error wishes us to order a judgment below, but we cannot do that. The defendant is entitled to answer, and such issues as may be made by the further pleadings must be tried.

The judgment is reversed with directions to allow such amendments as by the court may be deemed proper, and for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.