## No. 11,604.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY *v.* CUTLER.

Decided July 5, 1927.

Action for water commissioner's salary.   Judgment for plaintiff.

### *Reversed.*

1.  W!ATER RIGHTS—*Irrigation Districts.* In an action for water commissioner's salary, whether a certain county was embraced in the commissioner's district, held a question of fact to be determined by the court under the evidence.

2.  *Commissioners—Accounts.* Monthly account presented by a water commissioner to the board of county commissioners held not to comply with the requirements of § 3434, R. S. '08.

*Error to the District Court of Douglas County, Hon. Wilbur M. Alter, Judge.*

Mr. RALPH E. FINNICUM, Mr. WILLIAM C. ROBINSON, for plaintiff in error.

Mr. STOTON R. STEPHENSON, Mr. WM. A. HILL, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

ARTHUR H. Cutler brought suit against the board of county commissioners of Elbert county for his pay for the year 1920 as water commissioner for water district No. 1, which plaintiff asserts includes Elbert county; and for a second cause of action, he sought to recover the pay due his deputy for the same period, which had been assigned to him. The case was first brought here to review a judgment dismissing the complaint and bill of particulars, which resulted in a reversal, with directions for further proceedings. *Cutler v. Board of Commissioners*, 75 Colo. 248, 225 Pac. 211. In the meantime Cutler died, and his wife, as administratrix, was substituted as plaintiff.

The trial was to a jury. At the conclusion of the evidence both sides moved for a directed verdict, whereupon the court dismissed the jury and rendered judgment for plaintiff on the first cause of action, it having previously entered a judgment of nonsuit on the second cause of action.

Plaintiff in error says there are two principal questions involved: (1) Is Elbert county in water district No. 1? (2) Were the claims filed by plaintiff against defendant for services as water commissioner legal and valid claims?

The complaint alleges that water district No. 1 consists of the counties of Elbert, Arapahoe, Adams, Weld, Morgan and Washington, as now established.

1. The statutory provisions applicable here are as follows: Section 1842, C. L. 1921, provides: "That water district No. 1 shall consist of all lands in the state of Colorado irrigated by waters taken from that portion of the South Platte river between the mouth of the Cache la Poudre river and the west boundary line of Washington county, and from the streams draining into the said portion of the South Platte river."

Whether Elbert county is embraced in water district No. 1 was a matter of fact to be determined by the court from the evidence in the case. The evidence we think conclusively establishes the fact that Elbert county is embraced within water district No. 1. The streams described by the witnesses as Box Elder or Running creek, Kiowa creek, Bijou creek and Beaver creek, have their courses either within or south of the boundary line of Elbert county, and fall to the north and drain into the South Platte river between the points designated in section 1842 of the statute. Several thousand acres of land are irrigated from these streams and more than a score of ditch and reservoir rights have been adjudicated in Elbert county as in water district No. 1.

2. The statute fixing the compensation of water commissioners and prescribing the account which they shall keep and render to the board of county commissioners for their services, provides as follows: "The water commissioner shall be entitled to pay at the rate of five (5) dollars per day for each day he shall actually be employed in the duties of his office, and be paid by the county or counties in which his irrigating district may lie. Each water commissioner shall keep a just and itemized account of the time spent by him in the duties of his office, and shall present a true copy thereof, verified by oath, to the board of county commissioners of the county in which his district may lie, and said board of commissioners shall allow the same; and if said irrigation district shall extend into two or more counties, then such water commissioner shall present his account for his services, verified as aforesaid, to the board of county commissioners into which his district extends, and each board of county commissioners shall pay its pro rata share thereof." R. S. 1908, § 3434.

The monthly account for the month of March, 1920, filed by the water commissioner of district No. 1, which is in form the same as the other monthly statements presented to the board, is as follows, omitting therefrom

the verification and the certificate of the civil service commission:

"Elbert County, Colorado,
     To A. H. Cutler, Dr.
To 12 days service as Water Com. Dist. No. 1,
Mch 20-31st incl. @ 5.00 per day,.........$60.00

                    1/6 of same       10.00."

It is manifest that this account rendered by Cutler for his services as water commissioner is not in compliance with the requirements of the statute above mentioned. The claim presented for one-sixth of his monthly pay due from Elbert county does not purport to be a copy of an account. It is nothing more than a statement of indebtedness. Section 3434 is a special statute prescribing particularly the accounts to be kept by the water commissioner. The legislature, for reasons of its own, has taken the matter of accounts to be kept and rendered by the water commissioner out of the requirements of section 8696, C. L. 1921, which relates generally to claims exhibited to the board, and has made a specific provision applicable to water commissioners distinct from all other accounts and claimants. The statute directs that the water commissioner shall keep a just and itemized account of his time spent in the duties of his office, and shall present a true copy thereof verified by oath to the board. The statute has definitely fixed the rule to be followed in such cases. The requirements of the statute cannot be ignored. The law says the water commissioner shall keep an account and shall present a true copy thereof verified by oath. This the commissioner did not do. The statement filed by him cannot be held to be a substantial compliance with the requirements of the law. It is true the record shows unmistakably that the water commissioner performed the services and earned his salary, but we are not responsible for the rule prescribed by statute. We can only declare the law as we find it to exist.

What we have said above is applicable with equal force to the second cause of action.

The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.