## No. 12,034.

### BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF PUEBLO *v.* ELLIS.

Decided November 19, 1928.

Mr. E. L. WEITZEL, for plaintiff in error.

Mr. RILEY R. CLOUD, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Ellis is a deputy water commissioner of water district sixteen which includes parts of Pueblo and Huerfano counties. The compensation for his services under the law is paid in part by each county. Claiming that Pueblo county was indebted to him for services which he rendered during the months of October and November, 1923, which the board of county commissioners refused to pay, he brought this action against it to recover the same. Evidence was heard in behalf of both parties and at its close the court, on the motion of the plaintiff, directed the jury to return a verdict for plaintiff in the amount of his claim, in the sum of $116.00, to review which judgment the county board has sued out this writ of error.

The compensation of a deputy water commissioner as fixed by chapter 134, S. L. 1923, is $5.00 per day for each day actually employed in the discharge of his duties. This includes traveling and other expenses, if any. A deputy water commissioner by this statute shall work only such times as directed by the water commissioner, the period to be determined by the water commissioner with the approval of the irrigation division engineer and the state engineer. There were five ditches in Pueblo county to which the plaintiff as deputy water commissioner distributed water to supply their demands. The evidence is uncontradicted that during October and November, 1923, there was an abundance of water for all of these ditches, if they desired it, and were in physical condition to receive it. The testimony further is that some of these ditches were, as the witnesses say, "out of commission," and could not receive or carry water and that the other ditches, which were in condition to carry water that might be diverted into them, had an abundance of water and there was no necessity for, or call upon, the plaintiff to distribute or apportion to these ditches water to which they respectively were entitled. As tending to corroborate such evidence already admitted, the defendant offered further to show, which offer the court rejected,

that there was not any work for Ellis to do and it was impossible for him to have rendered the services which he testified he had performed. The record is also clear that Mr. Beach, the division engineer of this division, in August or September of 1923, had directed Tirey, the water commissioner of the district, both of whom are superior officers of the plaintiff Ellis, to lay off, or dispense with the services of, Ellis during the months of October and November as there was no need thereof under the conditions above stated. There is no direct evidence that the water commissioner Tirey actually, in so many words, dispensed with the services of Ellis or ''laid him off,'' but after the receipt by Tirey of the order of his superior officer Beach to lay Ellis off during these two months, Tirey showed to Ellis Beach's letter containing the order. Ellis knew, therefore, that the water official Mr. Beach, in whom the power was vested, had directed that he, Ellis, should not work or be on duty during these two months. Notwithstanding this Ellis, according to his testimony, continued to work each day during these two months and it was for his bill for such services that this action was brought.

The court as above stated repeatedly refused to receive testimony, offered by the defendant board, that there was no need of plaintiff's services because of the physical conditions existing at the time as to the abundance of water for 'all of these ditches and that there was no work for Ellis to do, even though he may have been physically present, as his bills rendered to the defendant board and approved by the superior irrigation officials, indicated. We think this was error. This evidence would tend to show that there was no need for plaintiff's services, at least to throw light upon the propriety of the directions of the division engineer to the water commissioner to lay off Ellis during these months. The fact that Ellis knew that his superior officer had ordered him laid off, even if, notwithstanding the order, he claimed compensation therefor, disentitles him to a judgment against

the defendant board. For the ruling of the court directing a verdict in the state of the record above outlined, this judgment must be reversed.

There are objections to the form of the bills rendered by the plaintiff to the board. They are not in accordance with the statute applicable. The objections may in a sense be more or less technical, but the directions of the statute as to the form of such bills are mandatory and must be complied with. In *Board of County Commissioners of Elbert County v. Cutler*, 82 Colo. 169, 257 Pac. 1093, we said, speaking by Mr. Justice Whitford, that section 3434, R. S. 1908—which is not so exacting or imperative as section 2 of chapter 153, S. L. 1921, p. 484, the one applicable here—is a special statute prescribing particularly the accounts which must be kept by water commissioners and has made specific provision applicable to them distinct from all other accounts. We held there that the requirements of the statute cannot be ignored, and that the account then before us did not purport to be a copy of an account, but it was nothing more than a statement of indebtedness. The account presented by Ellis in this case was merely a statement of an indebtedness of $5.00 per day for each of the days of the month. There was nothing whatever except this bare statement and under our ruling in the Cutler case, supra, the plaintiff here cannot recover upon such an account in this action.

There are other errors committed by the court to which we have not adverted, but they are of a character similar to those already mentioned. Under our previous decision and under the positive command of the statute, we are compelled to, and hereby do, reverse this judgment.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Butler concur.