No. 12,275.

SAMPLES *v.* BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY.

(286 Pac. 273)

Decided March 17, 1930.   Rehearing denied April 7, 1930.

228

Mr. LEONARD E. ANDERSON, Mr. WILLIAM B. PAYNTER, Mr. GEORGE A. EPPERSON, for plaintiff in error.

Mr. WILLIAM C. ROBINSON, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

FOR convenience we hereinafter refer to these parties as Samples and the board.

Certain claims of Samples as water commissioner, and one Hall as his deputy, were filed with the board and disallowed. Hall assigned to Samples who brought this action to recover on all. At the close of his evidence he was nonsuited. To review that judgment he brings error.

The sole question here is, Were the claims presented to the board in the form required by law? Every other element essential to plaintiff's recovery is established by pleading, stipulation, or uncontroverted evidence.

The Samples claims, which totaled $1,331.29, were for services for eight months in 1924, for each month of 1925 and 1926, and for seven months of 1927. The Hall claims, which totaled $464.12, were for two months of 1923, four of 1924, six of 1925, seven of 1926, and three of 1927. Each was filed as it accrued and all were disallowed. The following are samples thereof:

"Voucher

"Elbert County, Colo.                  Aug. 31, 1924

     "To F. N. Hall.................Dr.

"To 31 days $5 Per Day 1-6             $25.83"

"Voucher

"Elbert County, Colo.                  May 31, 1924

"To J. K. Samples Water Commissioner Dist No. 1 Dr.

"31 Days Service as Water Commissioner Dist No. 1 for
    Month of May 31x6 Per $186...............$31.00
    to 1-6"

February 6, 1928 "amended and supplemental statements" for each of said months were filed. These were simply "certified photographic copies of originals" filed in the state engineer's office. They were in the following form:

| "Month | Miles |
| --- | --- |
| "1924 | Traveled |
| "May | |
| "1 Tetsel Ditch | 20 |
| "2 North Sterling Inlet | 15 |
| "3 Office | |
| "4 Fort Morgan | 44 |
| "Brush | 20 |
| "6 Engineers Office, 200 etc. up to 31." | |

No question is raised as to the verification or approval of any of said statements. The board thereupon refused to reconsider its former action disallowing said claims.

We have heretofore had before us the question of the legal form of such statements. *Elbert Co. v. Cutler,* 82 Colo. 169, 257 Pac. 1093; *Pueblo Co. v. Ellis,* 84 Colo. 559, 272 Pac. 658.

The statute applicable to the Cutler case was section 3434 R. S. 1908. It was amended by section 2, chapter 153, L. 1921, which in turn was replaced by section 2, chapter 133, L. 1923. Each of these required that the officer should "keep a just and itemized account of the time spent by him in the duties of his office." Said sec-

tion 3434 provided that he should "present a true copy thereof * * * to the board"; while the language of each of the others is, "shall present for payment a true and verified statement of his time * * * to the board." The first contains no provision for approval by other officers; the second required approval of the deputy's bills by the water commissioner, and of both by the division engineer; while the last permitted approval by the state engineer instead of his subordinate.

In the Cutler case, where the statements were substantially in the form of the original Samples statement here, we held the act special, strict compliance essential, and the paper not a copy of an itemized account.

In the Ellis case, the services were for October and November, 1923, hence the act of that year, which became effective June 20, must have been the one applicable, although, so far as material to the issue there and here, it is identical with that of 1921. We there held that Ellis could not recover, first, because the services claimed for were unauthorized, and second, because his claims were not in the required form.

▪ It will be observed that there is here a marked difference between the Hall and Samples statements. We first consider the former, which we think hopelessly bad. This claim is dated August 31, 1924, but certainly does not pretend to say in what month or year "the 31 days" mentioned fell. It does not state that Hall is a deputy water commissioner, or any other officer; it does not say that he performed any services, as such officer or otherwise, of any kind; and whatever else it may be it is not "a true and verified statement of his time." Assuming it was capable of amendment, and that the attempt to amend was in time, it requires no further analysis to disclose that the "certified photographic copies" cured none of these defects. It is wholly disposed of by the Cutler case.

▪ The Samples claims have none of said defects. The one here quoted says the "31 days services" were

"for the month of May," and since it is dated May 31, 1924, we think the year a matter of necessary inference. It recites that Samples is "Water Commissioner Dist No. 1," and that the claim is for "services as Water Commissioner Dist No. 1." It reads "31 days service * * * "31x6 per $186. . . .$31.00 to 1-6." Since this claim was verified and is admitted to be true, and the total of it was $186, and under the law Elbert county owed the officer one-sixth thereof, which would be $31, if he did not comply with the requirements of the act that he should "present for payment a true and verified statement of his time * * * to the board," it is difficult for us to understand why not. Tested by the Cutler case it is necessary only to observe that the statute there applicable required the presentation of a *copy* of an *itemized* account; that the act under which the Samples statement was filed required neither a copy of anything nor that the account be itemized. A fundamental rule of construction requires us to attribute to this change of language some change of meaning. That change of meaning is clearly indicated not only by the language itself, but by another portion of the section. Under the old act the account should be itemized because it carried the approval of no superior officer. Under the act of 1923, such particularity was unnecessary, because an itemized account had to be filed in the office of the Commissioner's superior and the verified statement presented to the board had to bear his approval.

The only remaining argument against these Samples statements is the second portion of the opinion in the Ellis case. Therein we reject the Ellis claims under the rule in the Cutler case and because they are "merely a statement of indebtedness for each of the days of the month." Just how bad they were does not appear from the opinion, and it was natural that the learned trial judge here should misconstrue it as applicable to the Samples claims. To clarify the point we quote from the Ellis claims. The first was in the following form:

"Walsenburg, Colo. Oct. 31st, 1923
"Pueblo County, Colorado.
"To Jas. H. Ellis, Dr.

| | | |
|---|---|---|
| Oct. 1 | | $5.00 |
| 2 | | 5.00 |
| 3 | | 5.00 |
| etc., consecutively up to | | |
| 31 | | 5.00 $145.00 |
| | Huerfano County | $87.00 |
| | Pueblo County | 58.00" |

Followed by verification and approval.

The other was exactly like it save that it was dated "Nov. 30th, 1923," and closed thus:

| | | |
|---|---|---|
| "30 | | 5.00 $145.00 |
| | Pueblo Co. | 40% |
| | Huerfano Co. | 60%" |

◼ These claims do not state that Ellis is any officer, or that the claims are made as such, or that he performed any service of any kind. In each the charge (if it is a charge) does not agree with the total of the items. Each item in each claim is charged to Pueblo county, but each claim closes with a recital inconsistent therewith. Such statements may take many forms, all consistent with the statute, hence we make no attempt to supply a mold for them. The evident purpose of the act, to protect the counties from false, padded or duplicate claims, should be kept in mind. It is no longer essential that they be itemized, but it might safeguard the claimant. The requirement that they be so kept by the officer is not a mere form. If in doubt the commissioners may call for a copy thereof. If so loosely drawn that no perjury is involved in their verification, even though the claimant be no officer and has performed no service, payment should be refused. Such were the Cutler and Ellis claims. Such are the Hall claims here, and as to them the judgment is affirmed. Such are not the Samples claims,

and as to them the judgment is reversed with directions to enter judgment for plaintiff.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.

*On Rehearing.*

MR. JUSTICE BURKE.

Plaintiff in error asks a rehearing as to the Hall account on the ground that we overlooked that portion of the record which shows the ''amended and supplemental claims'' to be in themselves ''complete vouchers.'' The record so shows, but it was not overlooked. We considered the ''certified photographic copies'' as though a part of the originals and found they ''cured none of these defects.'' Mr. Justice Campbell, speaking for the court in the Ellis case, refers to such a claim as a ''bare statement.'' It makes no attempt to comply with the statute. When we here held the Hall claims ''hopelessly bad,'' there was nothing to amend or supplement.

Rehearing denied.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.