7225

## CARRISON v. KERSHAW COUNTY.

COUNTIES—COUPON BONDS—CONSTITUTIONAL LAW,—There is no constitutional restriction on the powers of the Legislature in authorizing the issue of bonds by a county without submitting the question to an election. The Act, 26 Stat., 298, authorizing the county commissioners of Kershaw county to issue $40,000 of coupon bonds *empowers* the commissioners to submit the question to the voters, but also *permits* them to issue the bonds without such submission.

Petition in the original jurisdiction of this Court by H. G. Carrison, A. D. Kennedy and P. T. Villepigue, for themselves and other taxpayers of Kershaw county, for injunction against Kershaw county, Matthew C. West, supervisor, J. K. DeKay, N. Kelley, S. F. Kelley and D. M. Kirkley, county commissioners, and Southern National Bank.

*Mr. Lawrence T. Mills,* for petitioners.

: *Mr. T. J. Kirkland,* contra.

June 18, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES  The petitioners, taxpayers of Kershaw county, have applied in the original jurisdiction of this Court for an injunction to restrain the respondents, county commissioners of Kershaw county, from issuing coupon bonds of said county, to the amount of forty thousand dollars, under an act of the Legislature, approved February 23, 1909. 26 Stat., 298.

The question presented by the petition and return is whether the county commissioners have authority to issue said bonds without submitting the question of such issuance to an election.

The title of the act is as follows: "An act to authorize the county commissioners of Kershaw county to construct

a bridge across the Wateree River, to provide funds therefor, and to issue the obligation of said county for such purpose, and to create a sinking fund for the retirement or payment of such obligation."

The third section of the act, relevant to the issue, provides as follows: Sec. 3. "That in order to raise funds requisite for the construction of such bridge, and the other purposes appertaining thereto aforesaid, the said county commissioners are also hereby authorized and empowered to borrow money upon the promissory notes of Kershaw county, or to issue and sell the coupon bonds of said county to an aggregate amount not exceeding forty thousand ($40,000) dollars.    Any such notes or bonds shall be in denomination not exceeding one thousand ($1,000) dollars each; to bear interest from date thereof at a rate not exceeding six (6) per cent., and to run for a period not exceeding twenty-five (25) years, interest to be payable annually or semi-annually. Any such notes or bonds and coupons shall be signed by the county supervisor for Kershaw county: *Provided,* That the signature of the supervisor to coupons may be lithographed or engraved in *fac simile: Provided,* That in the event the said county board of commissioners decide to issue coupon or registered bonds, they shall have full power and authority to submit the question of issuing said bonds to the qualified voters of the county, said election to be governed by the provisions of law now applicable to such election: *Provided, further,* That such bonds, when issued, shall be exempt from taxation."

It will be seen that the first part of the section expressly empowers the county commissioners to issue the coupon bonds of the county to the amount of forty thousand dollars. It is contended, however, that the second proviso above compels the county commissioners, in the event they decide to issue such bonds, to submit the question to the voters. We do not so construe this section.

While the county commissioners are *empowered* to submit the question of issuing the bonds to the voters, they are not *compelled* to do so. The statute contemplated that the county commissioners might deem it proper to submit such question to the voters, and in such case it was necessary to confer upon them the requisite authority to that end. The proviso is, therefore, not meaningless, and is consistent with the full authority of the commissioners to issue the bonds as conferred in the first clause of the section.

The power of the Legislature to confer such authority upon the county commissioners is clear. While art. X, sec. 11, of the Constitution, forbids an increase of the public debt of the State without submitting the question to the qualified electors, and while art. VIII, sec. 7, forbids any city or town from creating a bonded debt without submitting the question to the qualified electors of the city or town, we find no such restriction on the power of the Legislature with respect to the issuance of bonds by a county. In the absence of such restriction the power of the Legislature in the matter is plenary.

The petition is, therefore, dismissed.