## No. 10875

### ZEIGLER v. THOMPSON *ET AL.,* SCHOOL TRUSTEES

#### (111 S. E. 880)

SCHOOLS AND SCHOOL DISTRICTS—LEGISLATURE HELD TO HAVE PLENARY POWER TO AUTHORIZE ISSUANCE OF SCHOOL DISTRICT BONDS FOR SCHOOL PURPOSES.—There being no restrictions on the issuance of bonds by a school district such as are contained in Const. Art. 8, § 7, and Article 10, § 11, requiring the State, cities, and towns to submit to the voters questions as to creating and increasing debts thereof, the Legislature has plenary power to authorize issuance of bonds by a school district for school purposes.

Before BOWMAN, J., Orangeburg, 1921. Affirmed.

Action by William V. Zeigler against W. B. Thompson et al as Trustees of School District No. 26, Orangeburg County, asking injunction against the issuance of Bonds. From decree for defendants the plaintiff appeals.

*Messrs. Wolf & Berry,* for appellants, cite: *Bonds issued under Act:* 1920. 31 Stats. 1607.

*Mr. Julian S. Wolf,* for respondents, cites: *County may issue bonds upon legislative authority without submission to electors:* 103 S. C. 25.

April 18, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

·The issue is clearly stated in the circuit decree. The main question is whether or not the General Assembly has the power to authorize the issue of bonds by a school district for school purposes.

It is held in the case of *Lillard v. Melton,* 103 S. C. 10, 87 S. E. 421, that the power of the General Assembly to authorize the issue of bonds by a territorial subdivision is limited only by the Constitution and the governmental character of the purpose for which the bonds are to be issued; that the Constitution requires a submission of the question to the qualified voters only in the case of bonds proposed to be issued by the State or by a city or town. Changing the declaration of the Court in the case of *Carrison v. Kershaw County,* 83 S. C. 88, 64 S. E. 1018, so as to make it appropriate to the case at bar, we may say:

"While Article 10, §11, of the Constitution forbids an increase of the public debt of the State without submitting the question to the qualified electors, and while Article 8, § 7, forbids any city or town creating a bonded debt without submitting the question to the qualified electors of the city or town, we find no such restriction on the power of the Legislature with respect to the issuance of bonds by a county. In the absence of such restriction the power of the Legislature in the matter is plenary."

The judgment of this Court is that the decree appealed from be affirmed.

MR. JUSTICE WATTS did not participate on account of sickness.