### DIAL *ET AL.* v. WATTS *ET AL.*

### (136 S. E., 891)

1. COUNTIES—PROPOSED COUNTY BOND ISSUE HELD INVALID FOR WANT OF APPROVAL OF MAJORITY OF VOTERS IN MANNER PRESCRIBED (ACT MARCH 23, 1926 [34 ST. AT LARGE, P. 1594]; CONST. ART. 10, § 5, AS AMENDED IN 1921).—Proposed issue of bonds by Laurens county, specifically authorized by Act March 23, 1926 (34 St. at Large, p. 1594), provided (section 6) issue was approved by majority of voters of county at an election held under rules and regulations governing Democratic primaries, *held* invalid where only 3,330 ballots were cast for the issue, whereas Democratic clubs of the county showed enrollment of 7,900 for that election, particularly, in view of Const. Art. 10, § 5, as amended in 1921.

2. COUNTIES—PROPOSED COUNTY BOND ISSUE HELD INVALID FOR FAILURE TO REQUIRE VOTERS TO PRODUCE REGISTRATION CECTIFICATES OR TAX RECEIPTS AT ELECTION AT WHICH ISSUE WAS APPROVED (ACT MARCH 23, 1926 [34 ST. AT LARGE, P. 1594] § 6; CONST. ART. 1, § 7, ART. 2, §§ 3, 11; ART. 10, § 3, AND § 5, AS AMENDED IN 1921; CIV. CODE 1922, §§ 233, 241).—Proposed issue of bonds of Laurens county, specifically authorized by Act March 23, 1926 (34 St. at Large, p. 1594), provided (section 6) issue was approved by majority of voters of county at election to be held under the rules and regulations governing Democratic primaries, *held* invalid, where voters at election were not required to exhibit their registration certificates and tax receipts as required by Const. Art. 2, §§ 3, 11, and Civ. Code 1922, §§ 233, 241, particularily in view of Const. Art. 1, § 7, Article 10, § 3, and section 5, as amended in 1921.

3. CONSTITUTIONAL LAW—COUNTIES PROPOSED BOND ISSUE FOR LAURENS COUNTY HELD INVALID AS APPROVED BY PART OF PEOPLE ONLY, AUTHORIZING STATUTE BEING CLASS LEGISLATION (ACT S. C. MARCH 23, 1926 [34 ST. AT LARGE, P. 1594], § 6; CONST. S. C. ART 1, § 5; CONST. U. S. AMEND. 14).—Proposed issue of bonds by Laurens county specifically authorized by Act S. C. March 23, 1926, (34 St. at Large, p. 1594), provided (section 6) issue was approved by majority of voters of county at election to be held under the rules and

regulations governing the Democratic primaries, *held* invalid under Const. S. C. Art. 1, § 5, and Const. U. S. Amend. 14, as having been voted by a part of the people without the right of others to participate; the statute being class legislation.

Original petition by N. B. Dial and others for injunction against John D. Watts and others. Writ granted.

*Mr. F. P. McGowan,* for petitioners, cites: *County bonds for Laurens County authorized:* 34 S. C. Stat., 1594. *Legislature may authorized counties to issue bonds without proper election:* Const. 1895, Art. 10, Sec. 5; 103 S. C., 50; 103 S. C., 10; 83 S. C., 88. *Taxes to be levied according to law and purpose must be stated:* Const. 1895, Art. 1, Sec. 7 and Art 10, Sec. 3. *Registration certificates and tax receipts to be produced by voters at general and special elections:* Const. 1895, Art. 2, Secs. 3–11; Civ. Code 1922, Secs. 233–241. *Privileges and immunities clause:* U. S. Const., 14th Amend.; Const. 1895, Art 1, Sec. 5.

*Mr. R. E. Babb,* for respondents.

February 21, 1927.

The opinion of the Court was delivered by Mr. Justice COTHRAN.

This is a proceeding in the original jurisdiction of this Court to test the validity of a certain proposed issue of bonds of Laurens county.

The very clear, logical, and convincing argument of counsel for the peitioners is adopted as the opinion of this Court, as follows:

"On March 23, 1926, an Act of the Legislature was approved, No. 829, vol. 34, p. 1594, authorizing the county board of commissioners of Laurens county to issue and sell county bonds to the amount of $500,000 for $115,000 past indebtedness and $385,000 for improvement of the roads and bridges of the county. Section 6 of the Act provides that the said bonds 'shall not be issued unless the same shall have been approved by a majority of the voters of Laurens county in an election to be held under the rules and

regulations governing the Democratic primaries in this state, at the same time and places that the primary election for state and county officers are held in 1926.'

"On August 31, 1926, in the general primary election for the nomination of officers of county and state, a box was placed for ballots of the voters on the question of the issuance of said bonds, and 3,330 ballots were cast for the bonds and 2,600 in opposition thereto. There were enrolled in the Democratic clubs of said county for said election 7,-900 and 6,259 voted in said election.

"The county highway commission on September 4th declared the result of said election in favor of the issuance of said bonds. The managers at said election did not require the voters for the bonds to exhibit their registration certificates nor their tax receipts, but they voted just as other enrolled voters did in voting for the nomination of county and state officers in Democratic primary for said county.

"The county board of commissioners, at the suggestion of the county highway commission have agreed to sell and issue the said bonds to purchasers out of the state. This proceeding is brought to enjoin the issuance and delivery of the said bonds on various grounds stated in the petition. Under article 10, § 5, of state Constitution, the Legislature may authorize counties to issue bonds without submitting the question to the qualified electors of the county. *Carrison v. Kershaw County,* 83 S. C., 88; 64 S. E., 1018. *Lillard v. Melton,* 103 S. E., 10; 87 S. E., 421. *Little v. Willimon,* 103 S. C., 50; 87 S. E., 435.

"In article 10, § 5, of the Constitution of 1895, as amended February 16, 1921, Laurens county was expressly authorized 'to vote bonds to an amount not exceeding tweny per cent. of the value of all taxable property within the limits of Laurens county as valued for taxation.'

"In this instance, the Legislature did not authorize the issuance of the bonds simply, but provided in section 6 that the

bonds should not be issued unless approved by a majority of the voters of Laurens county.

"The vote was a condition precedent. The vote described in section 6, I submit, means the vote of the majority of the qualified electors of the county. The vote authorized in Section 6 of the Act of 1926 should be construed with article 10, § 5, of the state Constitution, when it says: 'Provided, further, that the limitations imposed by this section shall not apply to Laurens county, such county being hereby expressly authorized to vote bonds to an amount not exceeding twenty per cent, of the value of all taxable property within the limits of Laurens county.'

"Article 10, § 3, of the Constitution of 1895, says, that no tax shall be levied except in pursuance of a law which shall distinctly state the object of the same; to which object the tax shall be applied.

"Article 1, § 7 provides, that no tax, subsidy, charge, impost tax or duties shall be established, fixed, laid, or levied, under any pretex whatsoever, without the consent of the people or their representatives lawfully assembled.

"The representatives lawfully asembled are the Legislature with its plenary power, and the consent of the people means the vote of all the people using the ballot with registration certificates and tax receipts.

"A debt should not be created upon the county without the consent of the qualified electors as provided by Article 2 of the state Constitution, and the acts of the Legislature passed in pursuance thereof.

"The vote of a Democratic primary in this instance was null and void, and the bonds, if issued, will be null and void, being in violation of Article 2 of the state Constitution, §§ 3, 11 and Vol. 3 of the Code, §§ 233, 241, requiring the production of registration certificates and tax receipts at all general and special elections.

"The act of 1926 and the said election and the bonds intended to be issued are null and void under the state Constitution, Art. 1, § 5, and under the Fourteenth Amendment to the Constitution of the United States, providing that the privileges and immunities of the citizens of the state and United States shall not be abridged, nor shall any state pass or enforce any law depriving any citizen of his property without due process.

"This debt was voted by a part of the people without the right of others to participate in the vote and in the creation of the debt. It is factional and class legislation. It is the creation of a debt without the consent of the people. The power to tax is the power to destroy. This debt is attempted to be created by a part of the people, and is therefore null and void in the face of the Constitution and the laws regulating special election and the creation of the bonded debts of the county.

"Section 6 of the Act is null and void, and being a condition precedent, the whole act falls with it, and the bonds cannot be lawfully issued."

The judgment of this Court is that the injunction prayed for be, and the same is hereby, granted.

. MR. CHIEF JUSTICE WATTS, and MESSRS JUSTICES BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE RAMAGE, concur.