## 13518

STATE *EX REL.* SELLERS *ET AL.* v. HUNTLEY *ET AL.*, SCHOOL TRUSTEES

STATE *EX REL.* REDFERN *ET AL.* v. ADGERTON *ET AL.* AND FOUR OTHER CASES

(166 S. E., 637)

*Mr. P. A. Murray, Jr.,* for appellants,

*Messrs. Leppard & Leppard,* for respondents,

November 18, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

At its 1932 session the Legislature passed an Act (37 Stat. at Large, p. 1275), providing, *inter alia,* for the election of school trustees in Chesterfield County. Section 3 reads as follows: "The terms of all school trustees now holding office in Chesterfield County shall expire on the 30th day of June, 1932, or as soon thereafter as their successors, as herein provided for, shall qualify, whether district trustees or high school trustees. On the second Tuesday in April, 1932, and every two years thereafter, an election shall be held in each of the school districts of said county for three trustees, whose term of office shall commence on the first day of July next ensuing such election, and who shall serve for a term of two years, and until their successors shall qualify. Such election shall be conducted by the incumbent trustees of the several school districts in which the same shall be held, after ten days' notice of the time and place thereof by posting the same in three or more conspicuous and public places in such district, and shall be conducted according to the rules and regulations applicable to primary elections. No persons shall be eligible to election as a school trustee unless he or she shall be a qualified elector residing within the district for which he or she shall be chosen. The result of each such election shall, within two days thereafter, be certified to the County Board of Education, who shall thereupon appoint and commission the several trustees so elected: *Provided,* That in the event that any district shall fail or neglect to elect trustees as herein provided, the County Board of Education shall appoint and commission trustees for such district as now provided by law. * * * "

This proceeding was instituted in the Circuit Court of Chesterfield County by the relators, named in this appeal as respondents, who are citizens, taxpayers and electors of Wamble Hill School District No. 22 of that county; the appellants, referred to in the Court below as respondents, are the duly qualified trustees of the Wamble Hill School Dis-

trict. Section 4 of the relators' verified petition is as follows: "That although the relators made due demand upon the respondents to call, conduct and certify the results of said election to the County Board of Education for Chesterfield County, in order for the said board to appoint the nominees of the said election as trustees of said school district for the term commencing July 1, 1932, as is provided for in said statute, the said respondents have failed, neglected and refused to call and conduct said election, as is required of them by law."

On April 30, 1932, his Honor, Judge Dennis, issued a rule against the appellants directing them to show cause before him why a writ of mandamus should not issue requiring them to hold an election for trustees of the Wamble Hill School District under the Act of 1932. The appellants made return to the rule, by way of answer, denying that the Act referred to devolved upon the trustees the duty of calling such election, and alleging that the trustees were approached with a petition too late to give the ten days' notice required by the Act; and, further answering, they alleged that the Act is unconstitutional, in that it is a special law where a general law could be made applicable, and, for the further reason, that "it attempts to provide for an election of school trustees in a primary election and dispenses with the requisites for voting required of electors and in attempting to regulate the qualifications of voters."

On hearing the return to the rule and the affidavits for and against, Judge Dennis, on May 14, 1932, granted the petition, and issued an order requiring the appellants to hold and conduct such election "according to the rules and regulations applicable to primary elections." From this order the trustees of Wamble Hill School District appeal.

The several exceptions make but three questions: (1) Does the Act contravene Subdivision 9 of Section 34 of Article 3 of the Constitution of 1895, which provides that a special law shall not be enacted where a general law can

be made applicable? (2) Is the Act in violation of the several sections of the State Constitution relating to and regulating the requirements for voting and of elections? (3) Does the Act provide that the County Board of Education appoint trustees upon the refusal of the incumbent trustees to call and conduct an election?

We think that the first question must be answered in the negative, and that the Circuit Judge was correct in so concluding. This Court has held in a number of cases that the provisions of a statute, such as the one before us, relating to the election of trustees, are special provisions in the general law (*State v. Meares,* 148 S. C., 118, 145 S. E., 695; *State v. McCaw,* 77 S. C., 351, 58 S. E., 145), and that such special provisions may be enacted separately from the general law on the subject.

With regard to the third question, the Circuit Judge had this to say: "Although I have very grave doubts as to the constitutionality of the statute, as well as the proper construction of the Act in general and the particular clause providing for the appointment of trustees by the County Board of Education in the event any district should fail or neglect to elect trustees as therein provided, I am constrained to conclude that the Act is constitutional."

The position of the appellants is that the Act does not devolve upon the trustees the mandatory duty to call an election—in other words, that the power vested in the trustees to do so is discretionary only, and that, upon their failure and neglect to comply with the Act, the County Board of Education shall then appoint. They rely upon the case of *Moore v. Waters,* 148 S. C., 326, 146 S. E., 92, to sustain their position. That case, however, is not controlling here. By the express terms of the Act before us, the trustees are required to give due notice of and to conduct the election. We think that the Act, by clear implication, also requires the trustees to duly call the election. Its language is susceptible of no other construction. Of course,

as provided, "in the event that any district shall fail * * * to elect trustees as herein provided," the County Board of Education shall then appoint and commission trustees for such district as provided for by law.

As to the second question, the appellants contend that the Act violates Section 4 of Article 2 of the Constitution, which provides for qualifications for suffrage; also Section 9 of Article 1, having to do with the proper protection by the law of the right of suffrage; and also Section 5 of Article 1, which guarantees to every citizen the equal protection of the laws.

In reply, the respondents say that the Act does not attempt to restrict or extend the constitutional qualifications for suffrage or to deprive any voter of the right to vote in the election provided for by it. They admit that "if the provision is construed to provide that the qualification for voting in such election is that prescribed for primary elections, then the Act does attempt to dispense with the constitutional requirements for suffrage; namely, registration, payment of taxes and a shorter residence in the voting precinct * * *" and is therefore "invalid as an attempt to restrict and dispense with the constitutional requirements of suffrage." They contend, however, that the provision in question does not relate to requirements to vote in such election, but is confined to the "conduct of the election"—that is to say, to the "ballots to be used, the manner of voting, the manner of election, the returns," etc., and has no relation to the question of the qualifications required for the voting.

Section 10 of Article 1 of the State Constitution provides: "All elections shall be free and open, and every inhabitant of this State possessing the qualifications provided for in this Constitution shall have equal right to elect officers and be elected to fill public offices." The qualifications for suffrage are prescribed by Section 4 of Article 2 of the Constitution, and are briefly· these: (1) Residence; (2) payment of taxes; and (3) registration. All persons who are

citizens of the State possessing these qualifications, as prescribed by the Constitution, are entitled to an equal vote in the election of officers, etc.

A primary election is a means employed by a political party for the naming or choosing by it of nominees to be thereafter entered in a general election for the offices for which they are named. Article 1 of Chapter 105 of the Code of 1932 (Section 2352 et seq.), prescribes regulations for the conduct of primary elections in this State, with the right preserved to any political party or organization to prescribe additional requirements and safeguards for the conduct of its primary elections; but forbids any party or organization to enact any rules or regulations based upon an educational or property qualification as a prerequisite for voting in a primary. The Act before us provides that "such election shall be conducted by the incumbent trustees of the several school districts * * * according to the rules and regulations applicable to primary elections. * * * The result of each such election shall, within two days thereafter, be certified to the County Board of Education, who shall thereupon appoint and commission the several trustees so elected." It is to be observed that the result of the election, to be conducted according to the rules and regulations applicable to primary elections, is final, in that it is made mandatory upon the County Board of Education to immediately appoint and commission such several trustees so elected. If the election were merely for the purpose of recommending certain persons for trustees for appointment by the County Board of Education, such appointment being discretionary with the board, the objection here made by the appellants would be without merit. But, as we have pointed out, no discretion is vested in the board under the provisions of the Act: on the contrary, it is expressly commanded and directed to appoint and commission the several trustees so elected.

It is true, as contended by respondents, that the Act does not provide for an election in a primary of any political

party, and does not in express terms deprive any voter of the right to vote; but it does, in providing that such election shall be conducted according to the rules applicable to primary elections, dispense with the constitutional requirements for suffrage as to registration, payment of taxes, etc., such requirements for suffrage in a general election not being a prerequisite for voting in a primary election as provided for by the statute governing such elections. We think, and so hold, that the provision of Section 3 of the Act, prescribing how such election for trustees shall be conducted, dispenses with the requirements for suffrage provided for by the Constitution and substitutes therefor the requirements and regulations applicable to primary elections. It is clear that the Act will deprive all those citizens of a school district of the right to vote in such election who do not have their names upon the club roll of some political party as required by the regulations applicable to the conducting of primary election, although they possess the qualifications of suffrage required by the Constitution. And the converse of this is equally true. The provision gives to all citizens of a district the right to vote in such election who are so enrolled, even though they are not qualified electors.

This Court, as we have repeatedly held, will not declare an Act of the Legislature, a co-ordinate branch of the government, unconstitutional, unless it clearly appears to be so beyond a reasonable doubt. After mature reflection and consideration, however, we are constrained to hold, for the reasons stated, that Section 3 of the Act before us violates the provision of the Constitution relating to the right of suffrage, and is therefore invalid.

It is suggested by the respondents that this Court, if it should hold the objectionable provision of Section 3 of the Act to be unconstitutional, should, under the general principles controlling the construction of partially invalid statutes, allow the constitutional part of the section to stand.

We have given careful thought to the matter, and find and conclude that Section 3 of the Act does not meet all the tests or conditions upon which such a result depends. See *Gillespie v. Blackwell,* 164 S. C., 115, 161 S. E., 869.

The decision in this case governs and controls the case of *State of South Carolina ex relatione H. B. Redfern et al. v. A. D. Adgerton et al.,* as Trustees of Pageland School District No. 43 of Chesterfield County, and four other cases named in an order of this Court, dated October 10, 1932.

The order appealed from is reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.