14784

COTHRAN v. WEST DUNKLIN PUBLIC SCHOOL DIST.
NO. 1-C *ET AL.*

(200 S. E., 95)

*Messrs. Hodges & Hodges,* for petitioner,

*Mr. W. B. McGowan,* for respondents,

December 7, 1938.

The opinion of the Court was delivered by Mr. Justice
Bonham.

This proceeding is brought in the original jurisdiction of the Court to enjoin the issuance of bonds for the use of the named school district.

It appears from the petition, and the return of the respondents to the rule to show cause why the prayer of the petition should not be granted, that the election on the question of issuing the bonds was regular in all essential preliminaries, under Section 5359 of the Code of 1932. The election was submitted to the qualified electors of the said school district, and carried by the votes of a majority of them.

The petitioners challenge the legality of the election because the question was not submitted to "only such electors as return real or personal property for taxation and who exhibit their tax receipts and registration certificate," etc., as is required by Act No. 102, of the General Assembly, 38 St. at Large, p. 114, approved the 13th day of March, 1933.

It is conceded by both parties that if this Act is constitutional, the election is null and void. We reproduce the Act in full:

"Section. 1. *Special Taxes for School Purposes by §* *5356, 1932 Code, Greenville County—Petition—Election.—* Be it enacted by the General Assembly of the State of South Carolina: From and after the approval of this Act no special tax to supplement the present school taxes in Greenville County or in any school district within said county shall be levied pursuant to the provisions of Section 5356, Code of Laws of South Carolina, 1932, or any Acts amendatory thereof, unless and until a majority of the resident electors within any such school district in Greenville County, and a like proportion of the resident freeholders of the age of twenty-one (21) years, file a petition with the County Board of Education of said county asking for the same and stating the rate of tax levy proposed and when such petition has been filed an election shall be held pursuant to the provisions of Section 5356, Code of Laws of South Carolina, 1932, at which election only such electors as return real or personal property for taxation and who exhibit

their tax receipts and registration certificate, as required in General Elections, shall be allowed to vote.

"§ 2. *Issuance of Bonds for School Purposes by § 5359, 1932 Code, Greenville County—Election.*—From and after the passage of this Act no bonds for school purposes shall be issued by Greenville County or by any school district within said county pursuant to the provisions of Section 5359, Code of Laws of South Carolina, 1932, unless and until the question of issuing bonds, authorized in said Section, shall first be submitted to the qualified voters of such school district who return real or personal property for taxation within said district and no such election shall be held except upon the written petition or request of at least a majority of the resident electors, and a like proportion of the resident freeholders of the age of twenty-one (21) years to determine whether said bonds shall be issued or not.

"§ 3. That all Acts or parts of Acts inconsistent herewith are hereby repealed.

"§ 4. That this Act shall take effect upon its approval by the Governor."

Article 2, Section 3, of the Constitution of 1895, provides: "Every male citizen of this State and of the United States twenty-one years of age and upwards, not laboring under the disabilities named in this Constitution and possessing the qualifications required by it, shall be an elector."

Article 2, Section 4, of the Constitution provides for the registration of electors, and amendments to the Constitution provide that an elector appearing to vote must produce his certificate of registration and a tax receipt showing the payment of all taxes thirty days before such election. The Constitution does not, however, anywhere provide that before one can vote at any election, general or special, he must be the owner of property, real or personal. If he be liable to pay a poll tax, he must produce a receipt when he offers to vote, showing that he has paid it, along with his registration certificate. If he be of the age which exempts him

from paying a poll tax, he may vote, if he is otherwise qualified and registered.

Now the Act of 1933 provides that before one can vote in an election for school bonds in Greenville County, he must show that he returns for taxation real or personal property within the school district.

It seems clear to us that the Act adds to the law, as prescribed in Section 5359 of the Code, conditions not allowed or permitted under the provisions of the Constitution which define an elector and regulate his right of suffrage.

In the case of *Dial et al. v. Watts et al.,* 138 S. C., 468, 136 S. E., 891, a question analogous to ours was discussed. There the Legislature, by special Act, had authorized Laurens County to issue bonds, if the issuance thereof be approved by the voters of the county at a Democratic Primary Election to be held on a named day. The opinion of the Court says [page 892]:

"Article 1, § 7, provides, that no tax, subsidy, charge, impost tax or duties shall be established, fixed, laid, or levied, under any pretext whatsoever, without the consent of the people or their representatives lawfully assembled.

"The representatives lawfully assembled are the Legislature with its plenary power, *and the consent of the people means the vote of all the people using the ballot with registration certificates and tax receipts.* (Italics added.)

\* \* \*

"The vote of a Democratic primary in this instance was null and void, \* \* \*."

Further from the same case:

"In this instance, the Legislature did not authorize the issuance of the bonds simply, but provided in section 6 that the bonds should not be issued unless approved by a majority of the voters of Laurens county.

"*The vote was a condition precedent. The vote described in section 6,* \* \* \*, *means the vote of the majority of the qualified electors of the county.*" (Italics added.)

The provisions of the Act of 1933 that one offering to vote at an election on the question of issuing bonds in a school district election in Greenville County must return for taxation real and personal property therein, in addition to showing a certificate of registration and a tax receipt, are in direct conflict with the provisions of the Constitution regulating the right of suffrage.

The action of the Court in the case of *Dial v. Watts, supra,* is approved in the case of *Ansel v. Means,* 171 S. C., 432, 172 S. E., 434.

In the case of *State ex rel. Sellers v. Huntley,* 167 S. C., 476, 482, 166 S. E., 637, the Legislature had directed the election of trustee of a school district in an election conducted according to the rules applicable to primary elections. This Court, in an able opinion by Mr. Justice Stabler, now Chief Justice, said [page 639]:

" * * * We think, and so hold, that the provision of section 3 of the act, prescribing how such election for trustees shall be conducted, dispenses with the requirements for suffrage provided for by the Constitution and substitutes therefor the requirements and regulations applicable to primary elections. It is clear that the act will deprive all those citizens of a school district of the right to vote in such election who do not have their names upon the club roll of some political party as required by the regulations applicable to the conducting of primary election, although they possess the qualifications of suffrage required by the Constitution. And the converse of this is equally true. The provision gives to all citizens of a district the right to vote in such election who are so enrolled, even though they are not qualified electors.

"This court, as we have repeatedly held, will not declare an act of the Legislature, a co-ordinate branch of the government, unconstitutional, unless it clearly appears to be so beyond a reasonable doubt. After mature reflection and consideration, however, we are constrained to hold, for the reasons stated, that section 3 of the act before us violates the

provisions of the Constitution relating to the right of suffrage, and is therefore invalid."

In the present case the provision of the Act of 1933 that only those shall vote who return real or personal property for taxation in the school district, deprives voters, otherwise qualified to vote under the provisions of the Constitution, of their constitutional rights of suffrage.

Section 10, Article 1, of the Constitution provides:

"All elections shall be free and open, and every inhabitant of this State possessing the qualifications provided for in this Constitution shall have equal right to elect officers and be elected to fill public offices."

" * * * Under such a guaranty the right to vote, as the words expressly state, must be maintained absolutely free, and the vote of every elector must be granted equal influence with that of every other elector. To be free means that the voter shall be left in the untrammeled exercise, whether by civil or military authority, of his right or privilege; that is to say, no impediment or restraint of any character shall be imposed upon him either directly or indirectly whereby he shall be hindered or prevented from participation at the polls. As otherwise expressed, an election is free and equal within the meaning of the Constitution when it is public and open to all qualified electors alike; when every voter has the same right as any other voter; when each voter under the law has the right to cast his ballot and have it honestly counted; *when the regulation of the right to exercise the franchise does not deny the franchise itself, or make it so difficult as to amount to a denial; and when no constitutional right of the qualified elector is subverted or denied him.* * * * " (Italics added.)

9 R. C. L., Section 8, Page 984.

In the light of these established principles of law, we are convinced that the provision of the Act of 1933, *supra,* which limits the right of voting at an election in Greenville County, to determine whether a school district shall issue bonds, to the qualified electors who have returned real or

personal property for taxation, violates the provisions of the Constitution which regulate the exercise of the right of suffrage, and takes from the qualified voter who does not return real or personal property for taxation the rights guaranteed by the Constitution, and makes the Act unconstitutional. It therefore had no application to the election held on the 19th of September, 1938. The election was legal and valid, and the bonds so voted may lawfully be issued.

It follows that the petition must be denied.

It is so adjudged.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.