16459

GLASSCOCK *ET AL.* v. BRADFORD *ET AL.*
(63 S. E. (2d) 166)

*Messrs. Raymond B. Hildebrand* and *James D. Grist, Jr.,* of York, and *Robert W. Hayes,* of Rock Hill, *for Petitioners,*

Messrs. *John M. Daniel, Attorney General, T. C. Callison and James S. Verner, Assistant Attorneys General,* of Columbia, *W. B. Wilson, Sr.,* of Rock Hill, and *Robert McC. Figg, Jr.,* of Charleston, *for Respondents.*

January 30, 1951.

STUKES, Justice.

This is a proceeding, by permission in the original jurisdiction of the Court, upon *certiorari* to the State Board of Canvassers to review their action in sustaining the protest against declaration of the election of the petitioners to the York County Board of Directors. Rule to show cause was issued by one of the Justices and demurrer and return were interposed by the respondents. Hearing was had at the January 1951 term of the Court upon printed briefs and oral arguments.

The controversy is concerned with the construction of Act No. 962 of 1950, 46 Stat. 2316, which was entitled, "An Act To Create A County Governing Board For York County To Be Known As The County Board Of Directors Of York County And to Provide For The Appointment Of Its Members," etc. Other portions of the title refer to the powers and duties of the Board and to the repeal of designated sections of the 1942 Code relating to the government of York County.

Sub-sections 1, 2 and 3, 46 Stat. 2318, of the matter which was substituted by the act for the former content of section 4895 of the Code are as follows:

"(1) The office of County Board of Directors for York County is hereby created to take effect January 15, 1951.

"(2) The Governor shall, upon the recommendation of the legislative delegation, including the Senator for York County, appoint one person from each of the five magisterial districts in York County as a member of the county board of directors, whose term of office shall be for two years from the time of appointment and until their successors have been appointed and qualified, and whose annual salary shall be fixed in the annual York County Supply Act, and shall be payable in twelve equal monthly installments.

"(3) In each and every election year, commencing in 1950, one member of said county board of directors shall be nominated in each of the five magisterial districts. It shall be the duty of the legislative delegation of said county to recommend to the Governor for appointment as a member of the county board of directors for that magisterial district such person so nominated. Such appointee shall serve for a period of two years from the date of his appointment and until his successor is appointed and qualified. Provided, that should such appointment not be made or should a vacancy occur for any cause after such appointment the Governor shall appoint such person for the unexpired term as may be recommended by a majority of the legislative delegation from York County, including the Senator."

An antecedent section of the act, which relates to the appointment of the county supervisor, throws helpful light upon the legislative intention in the use of the word "nominated" in the foregoing; it follows from 46 Stat. 2317:

"Section 4894. (1)   *   *   *

"(2)   *   *   *

"(3) Said supervisor shall be *nominated in the primary election* of every second election year, beginning with the election year 1948, and it shall be the duty of the legislative delegation for said county to recommend to the Governor of said State for appointment as supervisor such person so

*nominated in said primary* and the Governor shall so appoint unless good cause be shown why such appointment should not be made, provided that should such appointment be not made, or should a vacancy occur during the term of office for any cause, a majority of the legislative delegation, including the Senator, for York County may recommend to the Governor a person to be appointed to serve the unexpired time and the Governor shall make such appointment." (Emphasis added.)

Earlier at the same session of the General Assembly, 1950, there was enacted, quoting the title, "An Act To Regulate The Registration Of Electors, The Holding Of General Elections, And The Conduct Of Party Primaries And Conventions, And To Provide Punishment For Violations Of This Act." Act No. 858, 46 Stat. 2059.

A primary of the Democratic Party was conducted in York County in 1950 pursuant to the terms of the last cited act but there were no nominations for the office of County Director so the propriety and efficacy of such, if had, need not be considered. Petitioners undertook to procure their election (or, as now contended, nomination) in the general election pursuant to the provisions of section 5-G of the Election Law of 1950, 46 Stat. 2079, by filing petitions signed by the required number of registered electors, whereupon their names were placed upon the general election ballot by the County Commissioners of Election and each of the petitioners received a majority of the votes cast in his respective district and they were declared elected by the County Board of Canvassers, despite protest which was thereafter renewed before the State Board of Canvassers. The latter Board upheld the protest and expressly found as follows: "(1) That there is no provision of law for such election, and, therefore (2) That this Board has no jurisdiction to declare such persons duly elected."

The writ has been discharged, the action of the State Board affirmed and the petition dismissed for the following stated reasons:

Act No. 962 of 1950, hereinabove quoted in pertinent part, is too plain to admit of any other construction than that the office of York County Director shall be filled by executive appointment, not election, and it is unnecessary in this proceeding to determine how they may be nominated in compliance with sub-section (3) of the Act, *supra,* or, indeed, whether it may be validly done. The Election Law of 1950, 46 Stat. 2059, *supra,* has been searched in vain for any provision for any form of nomination by the general election. Nomination there contemplated is the result of a primary, convention, executive committee action or petition, and not of the general election. This obvious conclusion negates the assertion of petitioners at the outset of their brief, as follows: "The petitioners have been duly nominated in the general election as members of the County Board of Directors of York County and they are entitled under the provisions of the Act to be appointed to such office by the Governor." With it their case falls.

The case is about the converse of *Dial v. Watts,* 138 S. C. 468, 136 S. E. 891, where it was unsuccessfully attempted by special enactment to substitute party primary action for general or special election approval of a bond issue, which latter was required by a prior adopted constitutional amendment. The cited authority of *Young v. Sapp,* 167 S. C. 364, 166 S. E. 354, is inapplicable because the act there purported to provide for the election of a magistrate whose title to office depended in fact upon executive appointment perforce a constitutional provision. "Election" was construed (apparently without contest) to mean "nomination" in order to uphold the constitutionality of the law. In the case in hand question of the constitutionality of the relevant act is not reached. Naturally petitioners cannot challenge it because their claims to office depend upon its validity, but they are without the "nomination" which is requisite under the very terms of the act. The office they claim is statutory, not constitutional as in *Young v. Sapp.* There was also considerable discussion in the argument before us of *State ex rel. Sellers*

*v. Huntly,* 167 S. C. 476, 166 S. E. 637. It is likewise of no application. It held merely that an election cannot be held under the rules of a party primary, which is a question likewise beyond the necessary, and therefore proper, purview of this adjudication.

Petitioners also have resort in argument to Act No. 810 of 1944, Extra Session, 43 Stat. 2323, in part as follows: "Wherever provision is made in the laws of this State for the filling of any public office in or by an election by the people, of whatever kind or however designated, or for the determination of any question or questions in a referendum by popular vote, each and every such provision shall be construed and held to mean a general or special election, as the case may be, which shall be conducted under the provisions of * * * the Constitution of this State, * * *." There are two patent answers to their reliance thereupon: First, the quoted portion of the statutes refers to elections, not nominations as does the York County act of 1950 under review; and, second, the acts of 1950 to which reference has been made are subsequent to the cited statute and supersede or repeal it to the extent of inconsistency, at least.

The intention of the legislature in the use of the word "nominated" in the questioned act of 1950 is made clear beyond doubt by an amendment to the annual York County Supply Act which was adopted at the same session and only a few days subsequently. The amendment became Section 15-A of the Supply Act and provided that in the event members of the county board of directors, quoting, "are not named in the *primary elections* (emphasis added) and have not been appointed and commissioned on or before January 30, 1951," they shall be appointed by the Governor upon the recommendation and consent of the Senate. That legislative expression makes crystal clear the intent in the earlier enactment; and the Court cannot avoid it for the purpose of a contrary construction.

Petition denied.

FISHBURNE, TAYLOR and OXNER, JJ., and L. D. LIDE, A.A.J., concur.